(No. 19627.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE MONTGARES, Plaintiff in Error.

*Opinion filed October 19, 1929.*

ARCHIE G. KENNEDY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and LATHAM CASTLE, State's Attorney, for the People.

Mr. JUSTICE DIETZ delivered the opinion of the court:

The plaintiff in error was tried without a jury and found guilty in the county court of DeKalb county of the unlawful sale and possession of intoxicating liquor and sentenced to sixty days in jail and to pay a fine of $200. The record has been brought here for review by writ of error.

At the time of the alleged sale and possession the accused conducted a soft drink parlor in the basement of a building situated at the southeast corner of Sixth street and Lincoln highway, in the city of DeKalb. A witness for the prosecution testified that about ten o'clock in the evening on the day in question he purchased from the accused, on the sidewalk at said corner, a pint of alcohol, giving in payment therefor three marked and identified one-dollar bills. About two hours later this witness again met the accused at the same corner. The witness testified that at that time he attempted to make another purchase from the accused. After this meeting the accused drove away in his automobile. Two deputy sheriffs followed him in another car. They overtook him on a side road several miles in the country and placed him under arrest. A search was made and no liquor was found. A roll of bills was discovered on his person, but he was allowed to retain it. The automobile of the accused was left at his boarding house and he was taken to the police station. There he was searched again and it was found that the roll of bills was not in his possession. When this was discovered one of the deputies remarked, "He has hid that in his car." They then returned with him to his boarding house and made a search of his automobile. As a result they discovered under the front seat of his car the missing roll and found that it contained the three marked and identified bills

above mentioned. These were taken by the deputies and held as evidence against the accused. Before the commencement of the trial a motion was made by him to suppress this evidence for the reason that it was obtained in violation of his constitutional rights, but the motion was overruled. On the trial this evidence was objected to for the same reason, but it was admitted over the objection.

It is the contention of the accused that the court erred in overruling his motion to suppress the marked and identified bills and in afterwards admitting them in evidence over his objection, on the ground that they were obtained in violation of his constitutional rights. Section 6 of article 2 of our constitution is a guaranty against unreasonable searches and seizures, and section 10 of that article is a protection against self-incrimination. The only warrant possessed by the deputies in this case was one which authorized a search of the soft drink parlor, in which those premises were particularly described. This did not authorize a search of the automobile. (*People* v. *Castree,* 311 Ill. 392.) The marked and identified bills seized as the result of such search were unlawfully obtained. The motion to suppress should have been allowed and this evidence should not have been admitted. *People* v. *Castree, supra; People* v. *Brocamp,* 307 Ill. 448; *People* v. *Prall,* 314 id. 518; *People* v. *Reid,* 315 id. 597.

It is contended on behalf of the prosecution that the other evidence in the record is sufficient to sustain the conviction. The only other evidence is the testimony of the witness who claims to have made the purchase. All of his testimony is denied by the accused. The evidence was thus conflicting, and we would not be justified in holding that the court might not have found otherwise had this incompetent evidence been excluded.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*