108 So.2d 308 (1959)
Ben ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. A-162.
District Court of Appeal of Florida. First District.
January 15, 1959.
Wayne E. Ripley, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
*309 PER CURIAM.
Affirmed.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
WIGGINTON, J., concurring specially.
WIGGINTON, Judge (specially concurring).
Appellant was informed against and convicted of unlawfully possessing moonshine whiskey. He has appealed from the judgment and sentence, assigning eleven points in support of his contention that the judgment should be reversed.
Among the errors assigned in the admission of testimony that the arresting officer found four five-gallon cans of moonshine whiskey in an automobile parked on the premises occupied by defendant and described in the search warrant pursuant to which the search was made. A motion to quash the warrant and suppress the evidence was denied.
The evidence reveals that the search warrant in question described the premises to be searched as a one story frame dwelling located at a certain street address in Jacksonville, including the yard and all outhouses on the premises. While the arresting officers were in the process of making their search, an automobile parked in the yard of defendant's premises was inspected. When the car was rocked from side to side a gurgling sound emitted from the trunk. The arresting officers procured a set of automobile keys from the kitchen table inside defendant's house and with these they opened the trunk of the car and found therein the five gallon cans of moonshine whiskey testified to by the officer.
Appellant contends the automobile was not subject to search for the reason that no separate search warrant had been issued specifically describing the automobile. He therefore reasons that the search was illegal and his motion to suppress the evidence should have been granted.
Our research fails to reveal that this question has ever before been squarely presented to or passed upon by our Supreme Court. It is for this reason we feel that a statement of the law disposing of the question should be made.
Appellant cites in support of his contention a decision by the Supreme Court of Illinois[1]. An examination of that case reveals that the search warrant there considered described only the defendant's place of business located in the basement of a commercial building. After searching the premises described in the warrant, the officers travelled a considerable distance across town to defendant's boarding house where they found and searched his automobile. The evidence procured from the automobile was objected to on the ground that it was seized through an unlawful search in that no warrant authorizing a search of defendant's automobile had been issued. On appeal the defendant's contention was sustained and the trial court's action in admitting the evidence was held to be error. This decision is no support for appellant's position under the facts in this case.
The point now under consideration has been directly passed upon in other jurisdictions, and it has been uniformly held that where a search warrant authorizes officers to search a described building, together with the yard or curtilage on which the building is located, parked automobiles or other vehicles found in the yard or within the curtilage are proper subjects of search under the warrant. It has accordingly been held that evidence obtained by the search of automobiles or vehicles under such circumstances is admissible to prove the offense with which the defendant is charged.[2]
*310 We therefore hold that the evidence obtained from the parked automobile located on the premises described in the search warrant in this case was properly admitted by the trial court, and the motion to quash the search warrant and suppress such evidence was properly denied.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] People v. Montagares, 336 Ill. 458, 168 N.E. 304.
[2] 79 C.J.S. Searches and Seizures, § 83, p. 903; Bowdry v. State, 82 Okla. Cr. 119, 166 P.2d 1018; Lindley v. State, Okl. Cr., 294 P.2d 851; Leslie v. State. Okl. Cr., 294 P.2d 854; Lawson v. State, 176 Tenn. 457, 143 S.W.2d 716.