292 So.2d 435 (1974)
James DUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-356.
District Court of Appeal of Florida, Fourth District.
April 5, 1974.
Robert J. Buonauro and James N. Powers, Law Offices of James N. Powers, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
POULTON, TIMOTHY P., Associate Judge.
The sole point on appeal concerns the sufficiency of a search warrant to allow the search of a vehicle found upon premises described in the warrant.
The warrant in question provided for the search of:
"A certain single story wood frame dwelling being white in color and being the second structure North of the intersection of Clay Avenue and Miller Street and being on the west side of Clay Avenue and having affixed to the *436 front of the house the numerals 1007 and being black numerals with a gold background and having the address 1007 Clay Avenue, Orlando, Orange County, State of Florida, being the premises occupied by or under the control of Bob Braun."
In executing the warrant, agents searched the appellant's van which was parked in the driveway at the address in question. They found contraband inside the van. The agents testified that there were "two or more vehicles on the curtilage" and that they had no idea to whom the vehicle in question belonged.
The State relies upon the case of Alexander v. State, 108 So.2d 308 (1st DCA Fla. 1959). There are significant differences between Alexander and the case at hand, we believe. In Alexander, like the case here, the warrant referred to the premises and the automobile was located on the premises, but Alexander does not make it clear how many vehicles were on the premises. Also, in Alexander, the arresting officers were in the process of making their search when they rocked the car in question from side to side. As they did so, a gurgling sound emitted from the trunk. (This was a moonshine case.) The officers procured a set of automobile keys from the kitchen table inside the house, opened the trunk of the car and found the contraband in question. In the case at hand, there was no such evidence to connect the vehicle in question with the premises and we believe some such evidence necessary in order to authorize the search of a vehicle parked even within "the curtilage".
Alexander v. State relies at note two of that opinion, upon 79 C.J.S. Searches and Seizures § 83. We note that the cases annotated there represent a difference of opinion. Cases cited thereunder which seem to support the point of view here expressed include, State v. Sircy, 215 Tenn. 1, 383 S.W.2d 37 (1964), holding that vehicles upon the premises may be searched only when shown to be under the control of persons named in the warrant and Haley v. State, 7 Md. App. 18, 253 A.2d 424 (1969), holding that a warrant to search the premises did not authorize the search of a vehicle "even if it was parked on the property on which the premises were located". 253 A.2d at 432. We feel this approach is the more enlightened.
Reversed and remanded for a new trial in accordance with this opinion.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, J., dissents, with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
On October 17, 1972, a warrant issued allowing law enforcement authorities to search the residence of one Bob Braun. More specifically, the warrant provided:
"... [T]here is probable cause to believe that certain laws have been and are being violated in or on certain premises and the curtilage thereof in Orange County, Florida, being known and described as follows: A certain single story wood frame dwelling being white in color and being the second structure north of the intersection of Clay Ave. and Miller Street and being on the west side of Clay Ave. and having affixed to the front of the house the numerals 1007 being black numerals with a gold background and having the address 1007 Clay Ave., County of Orange, Orlando, State of Florida, and being the premises of Bob Braun and there is now being kept in or on said premises and curtilage certain dangerous drugs . .."
When the agents arrived at the Braun residence to conduct the search, they found a *437 van owned by the defendant, James Dunn, parked in the driveway. The agents searched the vehicle and discovered narcotic implements and a quantity of marijuana. Dunn was charged with various drug offenses. At a hearing the defendant moved the court to suppress the evidence seized from the vehicle. This motion was denied by order of the trial court. It is from this order that the defendant appeals.
The defendant contends on appeal that the search warrant in this case was not sufficient to authorize the agent's search of the defendant's vehicle.
Our research reveals only one Florida decision addressing itself to a search of an automobile parked within the curtilage of the dwelling described in a search warrant. Alexander v. State, 108 So.2d 308 (Fla. App. 1959), holds that where a search warrant authorizes officers to search a described building, together with the curtilage of that building, parked vehicles found within the curtilage are proper subjects of search under the warrant. Evidence obtained by the search of vehicles under such circumstances is admissible to prove the offense with which the defendant is charged.
In the instant case, the warrant authorized a search of the "premises and curtilage" of the Braun residence. It is undisputed that the defendant's van was parked within the curtilage of the residence. The agents clearly had authority under Alexander v. State, supra, to conduct a search of the defendant's vehicle pursuant to the search warrant. The Alexander decision does not require that agents, prior to making a search of a vehicle parked within the curtilage of the premises delineated in the search warrant, have evidence to connect the parked vehicle with such premises.
I feel that the search of the defendant's vehicle was proper. The evidence resulting from that search should be admissible to prove the drug offenses with which the defendant is charged. Therefore, I would affirm the trial court's order denying the defendant's motion to suppress.