355 So.2d 1217 (1978)
Donald R. STIPP and Cynthia M. Bourke, Appellants,
v.
STATE of Florida, Appellee.
No. 76-1637.
District Court of Appeal of Florida, Fourth District.
February 7, 1978.
Rehearing Denied March 28, 1978.
Alan Jay Braverman of Miller & Squire, Fort Lauderdale, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Donald R. Stipp was charged with possession of various narcotics, and appellant Cynthia M. Bourke was charged with possession of cannabis. Motions to Suppress filed on behalf of the appellants were denied after an evidentiary hearing. Thereupon, appellants pleaded nolo contendere, reserving the right to appeal the denial of their motion to suppress.
Appellants suggest eight points for consideration on appeal. We have duly studied each of them and conclude that only three of these points warrant discussion.
Appellants contend the trial court erred in denying their motion to suppress the contraband which was seized because the search giving rise to the seizure was conducted pursuant to a search warrant issued by the municipal judge of the City of Plantation, Florida. Appellants argue that the police thought they were working on a felony violation so they were not trying to uncover a violation of a city ordinance; that a municipal judge's authority to issue search warrants is limited to misdemeanors within the municipal boundaries. Therefore appellants say the municipal judge had no authority to issue the search warrant in this case.
The search warrant in question authorized a search of premises located in the City of Plantation. Chapter 29446 Special Acts of 1953 authorized the Municipal Judge of the City of Plantation, to issue search warrants for violations of municipal ordinances. In addition Sec. 17.26 of the ordinances of *1218 the City of Plantation makes it a violation of city ordinance for any person to commit within the corporate limits of the City any act recognized by the law of the State of Florida as a misdemeanor. The affidavit in question stated that the affiant believed the premises in question were being used for the illegal possession of narcotics and that cannabis may be found thereon. In State v. Williams, 227 So.2d 331 (Fla. 4th DCA 1969) this court held that evidence seized pursuant to a warrant properly issued by a municipal judge was admissible in a State Court felony prosecution.[1] Upon the foregoing authority we see no reason why the search warrant issued in this case by a municipal judge should not be held valid.
Turning now to the second point to be treated, we note that the search warrant in question authorized the search of a particularly described house and the curtilage thereof. The affidavit described certain vehicles and a van which were observed in the curtilage and alleged to be leased by the suspects. Appellants complain that the trial court should have suppressed the evidence seized from a search of the vehicles and van found in the curtilage at the time of the execution of the search warrant. We find no fault with the trial court's ruling. The two vehicles searched were leased to the suspects named in the warrant and the van was described in the affidavit for the warrant as being used for purposes that made it highly suspect that the van was hauling cannabis. In addition during the execution of the warrant appellant Stipp advised the officers the location in the house of the keys to the vehicles. Entrance to the van was had via an open door window. We think the search of these vehicles was authorized under the warrant since they were in the curtilage described and under the control of the suspects in the house. As was stated in Alexander v. State, 108 So.2d 308 (Fla. 1st DCA 1959):
"The Point now under consideration has been directly passed upon in other jurisdictions, and it has been uniformly held that where a search warrant authorizes officers to search a described building, together with the yard or curtilage on which the building is located, parked automobiles or other vehicles found in the yard or within the curtilage are proper subjects of search under the warrant. It has accordingly been held that evidence obtained by the search of automobiles or vehicles under such circumstances is admissible to prove the offense with which the defendant is charged." Id. at 309.
In a more recent case in Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974) the court held:
"If the driveway parking area was part of the curtilage, and we hold that it was, was the automobile owned by appellant, the key to which was obtained from appellant's apartment during the search thereof, properly the subject of a search pursuant to a warrant authorizing a search of appellant's apartment and the curtilage? We answer in the affirmative."
* * * * * *
"We now hold that yards, courtyards, driveways and parking areas usually and customarily used in common by occupants of apartment houses, condominiums and other such complexes with other occupants thereof constitute a part of the curtilage of a specifically described apartment or condominium or other living unit thereof and that an automobile located on such common areas and identified by the use of keys obtained from the occupant of such specifically described apartment, condominium or other living unit is a part of that curtilage and subject to search upon the issuance of a valid warrant authorizing a search of the living unit and curtilage thereof." Id. at 63, 65. See also Dunn v. State, 292 So.2d 435 (Fla. 4th DCA 1974).
Finally, appellants contend that the motion to suppress should have been granted because the affidavit upon which it was issued contained a number of statements of fact which were shown at the hearing to be *1219 incorrect or false. An affidavit for a search warrant would be vulnerable to such an attack if elimination of the false statements denuded the affidavit of sufficient facts to show probable cause. But, if after deletion of those erroneous facts, the affidavit still contains sufficient facts to demonstrate probable cause the warrant should be upheld.[2] We have examined the affidavit with the foregoing rule in mind and find that after eliminating from consideration the untrue statements there were sufficient true facts to justify issuance of the warrant.
In view of the foregoing the judgments and sentences appealed from are affirmed.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] See also Opinion of the Attorney General 073-161.
[2] State v. Knapp, 294 So.2d 338 (Fla. 2d DCA 1974); United States v. Morris, 477 F.2d 657 (5th Cir.1973); United States v. Jones, 475 F.2d 723 (5th Cir.1973); United States v. Upshaw, 448 F.2d 1218 (5th Cir.1971).