UNITED STATES of America,
Plaintiff–Appellee,

v.

Dennis Mikel COLE,
Defendant–Appellant.

No. 79–5529.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1980.

---

Lucien B. Campbell, Federal Public Defender, P. Joseph Brake, Asst. Public Defender, San Antonio, Tex., for defendant–appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff–appellee.

Before GODBOLD, SIMPSON and THOMAS A. CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant Cole was convicted on five counts of unlawful possession of firearms. He challenges the failure of the district court to suppress evidence seized during searches of his person and his truck. We affirm as to counts one through four and reverse as to count five.

### The facts

San Antonio police officers lawfully obtained a valid search warrant[1] to search, for amphetamines,

> the premises described as a one story duplex family dwelling being the rear apartment, known and numbered as 303 Savannah, rear apartment and a white Chevrolet with a blue top and Mag wheels and bearing Texas 79 plates EGB–81.

As police approached the premises they observed appellant's black pick–up truck pull into a carport attached to the rear apartment. Appellant got out of his truck and immediately an officer frisked him for weapons. This frisk uncovered a small pistol on appellant's belt which was seized and subsequently formed the basis of count five of the indictment.

---

1. Appellant's contention that the affidavit upon which the warrant was based was deficient insofar as it established the informant's credibility solely by a recital that the informant had previously given reliable information is without merit. *U. S. v. Tucker*, 526 F.2d 279, 281 (5th Cir.), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1738, 48 L.Ed.2d 203 (1976).

The frisk took place beside appellant's truck, the door of which was still open. Through the open door the frisking officer noticed, lying on the front seat, a box containing white powder, some syringes and another gun in a holster. These items were also seized[2] and appellant was brought inside the apartment, where several officers were executing the search warrant. Amphetamines were found inside the apartment, and appellant and the occupants of the apartment were arrested.

The officers brought appellant back outside and proceeded to search his truck. In the course of this search they found numerous weapons, including a pen gun inside the sweatband of a hat (the basis of counts three and four), and a silencer in an attache case (the basis of counts one and two).

## I. The frisk

■■ The officer's pat–down of appellant cannot be justified by appellant's mere presence on the premises during the execution of the warrant. "[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 245 (1979). Mere presence neither ·obviates nor satisfies the requirement of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), that specific articulable facts support an inference that the suspect might be armed and dangerous. *Ybarra, supra,* 444 U.S. at 92, 100 S.Ct. at 343, 62 L.Ed.2d at 246–47. *See also U. S. v. Tharpe,* 536 F.2d 1098, 1100 (5th Cir. 1976) (en banc).

■ Nor does the fact that the officers testified that they had previously received information of an undisclosed nature about appellant constitute reason to search under *Terry.* Without knowledge of the content of that information the court cannot assess the reasonableness of the inference of dangerousness. The exceptions to the requirement of a warrant are narrow and jealously guarded, and " 'the burden is on those seeking the exemption to show the need for it.' " *Arkansas v. Sanders,* 442 U.S. 753, 760, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235, 242 (1979), *quoting U. S. v. Jeffers,* 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59, 64 (1951). This burden was not met by testimony that the officers involved had prior information about appellant, absent proof that the information was of a sort from which an inference of dangerousness could reasonably be drawn.

Since the frisk violated appellant's Fourth Amendment rights, the district court erred in refusing to suppress the pistol found on appellant's belt. Appellant's conviction on count five cannot stand.

## II. The truck

■ In *U. S. v. Napoli,* 530 F.2d 1198 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976), this court held that a warrant to search "premises known as" a particular address and described as a residential dwelling conferred authority to search a camper parked in the driveway. Here the warrant referred to "premises described as" a family dwelling, "being the rear apartment" of a particular address. There is no significant difference in the terms of the two warrants. Under *Napoli,* therefore, appellant's truck, parked in a carport attached to the rear apartment, was within the scope of the warrant.[3] The officers were thus authorized to search the truck, limited only by the nature of what they were searching for. *See Walter v. U. S.,* —— U.S. ——, ——, 100 S.Ct. 2395, 2400, 65 L.Ed.2d 410 (1980); *Harris v. U. S.,* 331 U.S. 145, 152, 67 S.Ct. 1098, 1102, 91 L.Ed. 1399, 1407 (1947). Both the hat (in which the gun was found) and the attache

---

**2.** These items were not included in any counts of the indictment.

**3.** See also the following cases discussed in *Napoli*: *U. S. v. Anderson,* 485 F.2d 239 (5th Cir. 1973), *cert. denied,* 415 U.S. 958, 94 S.Ct. 1487, 39 L.Ed.2d 573 (1974) (warrant for premises held to include flower bed outside house); *U. S. v. Long,* 449 F.2d 288 (8th Cir. 1971) (warrant for premises held to include outside trash barrel); *Brooks v. U. S.,* 416 F.2d 1044 (5th Cir. 1969), *cert. denied,* 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970) (warrant for lot and cabin held to include automobile parked near cabin).

case (in which the silencer was found) might have contained drugs. The officers thus did not exceed the scope of the warrant in searching those items. The convictions on counts one through four, based on the pen gun and the silencer, must be affirmed.

AFFIRMED IN PART and REVERSED IN PART.

THOMAS A. CLARK, Circuit Judge, dissenting:

I respectfully dissent from that portion of the opinion affirming the convictions based on Cole's possession of the silencer and pen gun. His attache–gun case and hat containing the silencer and pen gun were found in the truck on the premises to be searched. They were not within the scope of the search warrant in my opinion.

It is my opinion that *Napoli*[1] does not control here. There the search warrant was directed to the house and premises. We extended the meaning of "premises" to include a camper which was parked on the premises when the police arrived. Napoli was seen locking the camper door when the officers arrived. A search of the house did not uncover the LSD described in the warrant. A search of a secret compartment in the camper did. Here the warrant and facts are different. A limited part of the premises is described (the rear apartment), a specifically described vehicle, and two named individuals. The majority extends *Napoli* and this more narrowly drawn warrant to support a search of a vehicle that is seen by the officers arriving on the premises as they approach, driven by a person not listed as the occupant of the premises in the warrant.

I agree with the majority that under *Ybarra*[2] the police could not search Cole because "a warrant to search a place cannot normally be construed to authorize a search of each individual in that place."[3] And just as the person of the business visitor in

*Ybarra* was not within the scope of a warrant authorizing the search of the "premises" of the tavern in that case, the person of Cole, who was not described in either the warrant or supporting affidavit (and whom the officers simply did not expect to find there) and whose truck was not the vehicle described in the warrant, is simply outside the scope of this warrant.

If the foregoing analysis is correct, I cannot understand why those Fourth Amendment considerations which are relevant to Cole's person are any less relevant to his truck, or more particularly to those personal effects of his that were in the truck. This warrant no more authorized a search of Cole's truck than it did of Cole. Cole's truck was just as much a "visitor" on the scene as was Cole. If Cole was not personally within the scope of the warrant then I do not see how his effects were any more subject to search under that warrant when they arrived in precisely the same manner as he did.

A different result might be in order if Cole and his truck, were not observed arriving by the officers as all parties converged on the scene, and in this respect *Napoli* neither controls nor was wrongly decided. For purposes of construing the scope of a premises search warrant, it is much more reasonable to regard a car which is discovered for the first time already on the premises to be searched as a part of the premises, subject to search. The allegations in support of the issuance of a warrant might well justify the magistrate reasonably to intend, and the policeman reasonably to understand the magistrate to mean, a description of "premises" to include anything at the described location which is under the control or direction of the person whose effects are to be searched which might serve as a hiding place for the contraband sought. But this reasoning cannot apply to an outsider who shows up during the course of a search. In that case it cannot be said that anyone other than the executing offi-

---

1. *U. S. v. Napoli*, 530 F.2d 1198 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976).

2. *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).

3. *Ybarra, supra*, 100 S.Ct. 343 at n. 4.

cer has yet considered the advisability of searching this new suspect, or that anyone other than the executing officer will determine whether, in fact, he will be searched. To say in effect that the warrant's use of the word "premises" alone suffices as a determination by the magistrate, resting on probable cause, that the warrant extend to any and all visitors found on the premises, is to stretch the word beyond its normal meaning, or, as discussed above, its reasonable interpretation. The use of the word "premises" alone does not, and should not, include visitors or their vehicles caught in the act of visiting.

The officers discovered, and seized, suspected drugs and a gun not involved as part of this case on appeal, which were in Cole's truck and were plainly visible to the officers outside. There is not the slightest suggestion in this case, however, of any exigency that would dispense with the ordinary necessity of a warrant for the search of those effects for which the officers did indeed have probable cause to believe contained contraband. At the time of the seizure of the suspected drugs and handgun from the cab of Cole's pickup he and the truck were in the complete custody and control of the officers. They were able to seek a warrant before searching the truck and its contents without risk to themselves or the evidence they hoped to find in the truck. They should have done so. *Arkansas v. Sanders.*[4]

It is for these reasons that I dissent.

---

**4.** *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). In *Sanders* the police had probable cause to think Sanders' luggage, in the trunk of a taxi in which he was riding, contained marijuana. Mr. Justice Powell, for the majority, wrote:

We conclude that the State has failed to carry its burden of demonstrating the need for warrantless searches of luggage properly taken from automobiles. A closed suitcase in the trunk of an automobile may be as mobile as the vehicle in which it rides. But as we noted in *Chadwick,* the exigency of mobility must be

assessed at the point immediately before the search–after the police have seized the object to be searched and have it securely within their control. See 433 U.S. [1], at 13, 97 S.Ct. [2476], at 2484 [53 L.Ed.2d 538]. Once police have seized a suitcase, as they did here, the extent of its mobility is in no way affected by the place from which it was taken. Accordingly as a general rule there is no greater need for warrantless searches of luggage taken from automobiles than of luggage taken from other places. [Footnotes omitted.]