402 So.2d 1235 (1981)
STATE of Florida, Appellant,
v.
Warren D. MUSSELWHITE, Appellee.
No. 80-990.
District Court of Appeal of Florida, Second District.
July 29, 1981.
Rehearing Denied September 3, 1981.
*1236 Jim Smith, Atty. Gen., Tallahassee and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Richard S. Rhodes, Orlando, for appellee.
RYDER, Judge.
This is an appeal from an order granting a motion to suppress physical evidence in a criminal proceeding against Warren D. Musselwhite and the denial by the trial judge of the State's motion for sufficient time to bring the Musselwhite matter to trial after receipt of the mandate issued by this court.
On March 7, 1979, a search warrant was executed and issued by Circuit Court Judge Charles T. Carlton wherein he authorized a search of a particular residence in Lee County, as well as the curtilage thereof and all vessels and vehicles found within the curtilage.
When the authorities arrived at the aforementioned residence, they found a 1978 Lincoln Versailles, allegedly owned by Musselwhite, parked in the driveway of the residence. The Lincoln had been twice described in the search warrant's affidavit. The police searched the vehicle, found a quantity of marijuana and other material within and charged appellee with various drug offenses.
On May 7, 1980, appellee filed a motion to suppress physical evidence found within the Lincoln claiming, inter alia, that the vehicle had not been listed in the warrant as an item to be seized and, further, that the vehicle and properties seized from the vehicle pursuant to the warrant were not incorporated into the return and inventory of all property seized pursuant to the warrant.
The Musselwhite case came on for trial on May 30, 1980 and after the jury panel for that specific trial was sworn for voir dire examination, a hearing was held on appellee's motion to suppress before Circuit Judge Robert T. Shafer, to whom the case had been assigned for trial. Subsequent to a hearing on the motion, Judge Shafer granted the motion to suppress so far as it applied to the Lincoln but denied same as to all other physical evidence pursuant to the search warrant.
Thereafter, the State filed its notice of appeal, moved for the tolling of speedy trial during appeal, as well as the granting of a sufficient time to try the Musselwhite case after receipt of the mandate from the Second District Court of Appeal. Judge Shafer granted the motion to toll speedy trial, but denied the State's motion for a sufficient time to permit trial after receipt of the mandate.
The State challenges the rulings alleging that Judge Shafer erred in granting the motion to suppress evidence seized in regard to the Lincoln and that he also erred in denying the State's motion for sufficient time to permit trial after receipt of this court's mandate. We agree and reverse in both instances.
*1237 Appellee's basic contentions during the motion to suppress were:
(a) the search warrant was not sufficient to authorize the search of the Lincoln as the automobile was not specifically mentioned in the warrant;
(b) the failure of the authorities to list the Lincoln on the return and inventory rendered the warrant void as illegally executed.
Our reading of the search warrant reveals that the issuing judge directed a search not only of the particularly described residence but also required a search of the curtilage and of all vehicles found within that curtilage. Where a search warrant authorizes the police to search a described building, together with the curtilage of that building, parked vehicles found within the curtilage are proper subjects of search under that warrant and evidence obtained by the search of those vehicles under such circumstances is admissible to prove the offense with which the defendant is charged. Alexander v. State, 108 So.2d 308 (Fla. 1st DCA 1959).
In Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974), the First District Court of Appeal held that the search of an automobile in a driveway parking area was within the curtilage when the search warrant so issued authorized the search of that appellant's apartment and the curtilage.
Even closer to the instant case is the decision of another sister court in the matter of Stipp v. State, 355 So.2d 1217 (Fla. 4th DCA 1978). Therein, the search warrant authorized a search of a residence and the curtilage thereof. The court held that the parked vehicles within the curtilage were proper subjects to search under the warrant so issued. We agree with the Joyner court and hold that a driveway to one's residence is within the curtilage of that property. We also agree with the Stipp court that vehicles within the curtilage are proper subjects of search, especially where, as in the case sub judice, the warrant charged the police with the search of vehicles within the curtilage. As such, the Lincoln was subject to search and the evidence seized by that search is admissible to prove the offense with which the defendant is charged.
Also, during the motion to suppress before the trial court the appellee argued an additional point of some consequence which we feel appropriate to address here.
After describing the premises to be searched, including any vehicles found there, the search warrant authorized the seizure of the following:
Cannabis Sativa, a controlled substance, more commonly known as marijuana, and fruits and instrumentalities of a crime pertaining to the importation, possession and distribution of Cannabis Sativa, consisting of documents, charts, notes, maps, wrappings, packaging and labeling materials as well as scales or equipment for measuring tangibles by weight.
When the police swept out the Lincoln Versailles during the search, they found minute particles of marijuana. They also found a title certificate in the glove compartment showing that appellee owned the automobile. They seized the sweepings, the title certificate, and the automobile itself.
Clearly, the police could seize the sweepings because the warrant authorized the seizure of marijuana. However, the title certificate and the automobile were not within the search warrant's description of property to be seized. Appellee contends that in light of this fact their seizure was illegal because they were neither contraband nor instrumentalities or fruits of crime.
At one time, appellee would have been correct. See Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). However, the United States Supreme Court in Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), made it clear that during the course of executing a valid search warrant, the police may seize evidence of a crime provided there is:
a nexus  automatically provided in the case of fruits, instrumentalities or contraband  between the item to be seized and *1238 criminal behavior. Thus in the case of "mere evidence," probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction.
Id. at 307, 87 S.Ct. at 1650, 18 L.Ed.2d at 792.
Measured against the foregoing standard, the police had a right to seize the automobile because it must have been used to carry marijuana, and they had a right to seize the title certificate in order to implicate appellee. The fact that our court disapproved the forfeiture of the same vehicle in One 1978 Lincoln Versailles v. State, 388 So.2d 1383 (Fla. 2d DCA 1980), is irrelevant. The tests there and here are different. The owner of the property seized by police may ultimately be entitled to its return, but this does not mean that the seizure was illegal. Warden, Maryland Penitentiary v. Hayden, 387 U.S. at 307-08, 87 S.Ct. at 1650, 18 L.Ed.2d at 792.
Turning now to appellee's contention that the failure to list the automobile and its contents on the return and inventory voided the warrant. As this court stated in Nofs v. State, 295 So.2d 308 (Fla. 2d DCA 1974), at page 309: "The return of a search warrant is a ministerial act and any failure therein does not void the warrant, unless prejudice is shown." See also State v. Laiser, 322 So.2d 490 (Fla. 1975). In the instant case, appellee did not offer proof that he was prejudiced by the fact that the property was not listed on the return and inventory and without a showing of prejudice, a defect in post-seizure procedure does not render the execution of the warrant illegal. There being no showing of prejudice by appellee, Judge Shafer erred in granting the motion to suppress.
Although, as alluded to above, the trial judge granted the State's timely motion to toll speedy trial, he denied the State's motion for a sufficient time to permit the State to bring Musselwhite to trial after receipt of our mandate. The practicality of this denial would require the State to try Musselwhite on the day we issue the mandate in the case sub judice. This is impracticable and does not follow the Rules of Criminal Procedure.
At the time the court entered its order on May 30, 1980, the jury panel for Musselwhite's trial had been sworn for voir dire examination and, thusly, the State had satisfied all speedy trial requirements. Fla.R. Crim.P. 3.191(a)(3). State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1980). The trial court erred in denying the State's motion to permit trial time after receipt of the mandate and that order is REVERSED.
The order granting appellee's motion to suppress is also REVERSED and the case is REMANDED for further proceedings with instructions to the trial judge to grant to the State the period of time allowed by Fla.R.Crim.P. 3.191(g) to permit trial of Musselwhite after the receipt of this court's mandate.
SCHEB, C.J., and GRIMES, J., concur.