453 So.2d 168 (1984)
J.E.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AW-55.
District Court of Appeal of Florida, First District.
July 19, 1984.
Michael E. Allen, Public Defender, Virginia Daire, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tidemann, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The sole issue raised by this appeal from an order adjudicating J.E.S. guilty of burglary of a dwelling is whether a bicycle stolen by him from the driveway of the victim's home was within the curtilage of the home. It was.
Section 810.011(2), Florida Statutes (1983), defines a "dwelling" as "a building or conveyance of any kind ... together with the curtilage thereof." (Emphasis added) Likewise, a "structure" is defined in Section 810.011(1) as "a building of any kind ... together with the curtilage thereof." (Emphasis added)
In Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974), this court held that "[j]ust as the yard, horse-lot and stables used in connection with a dwelling in bygone days were considered as part of the curtilage, so are garages, driveways and parking areas of today."
In State v. Musselwhite, 402 So.2d 1235 (Fla. 2d DCA 1981), the Second District Court of Appeal held that "[w]e agree with the Joyner court and hold that a driveway to one's residence is within the curtilage of that property."
Although the cited cases involved search and seizure issues rather than burglary of a dwelling issue, in my opinion, a curtilage is a curtilage is a curtilage.
Having determined the issue raised by J.E.S. adversely to him, we affirm the order.
SHIVERS and WIGGINTON, JJ., concur.