491 So.2d 1307 (1986)
William A. SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-411.
District Court of Appeal of Florida, First District.
August 5, 1986.
*1308 Michael Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
Simmons entered a plea of nolo contendere to a charge of possession of cannabis with intent to sell and, pursuant to his reservation of the right to do so at the entry of that plea, now appeals from the denial of his motion to suppress evidence discovered during a search of his car. Simmons' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) averring that he is unable to present an argument for reversal. Simmons was given the opportunity by this court to file a pro se brief, but has not elected to do so. We affirm.
In April 1985, police executed a search warrant at the residence of one Stephen Brodsky. The warrant authorized the search of the "property and the curtilage thereof" for "controlled substances." During a search of a bedroom in the house, police discovered mail and prescription bottles bearing Simmons' name, as well as marijuana and cocaine residue and drug paraphernalia.
While the interior search was being conducted, Simmons drove into the driveway of the residence and parked his car. He got out and provided identification to officers outside. When his identity was revealed to the officers conducting the search, a search was made of the vehicle. A rental agreement in Brodsky's name was found, as was one-and-a-half pounds of marijuana. Simmons was then arrested and charged with possession of cannabis with intent to sell.
Simmons moved to suppress the marijuana discovered in the car on the grounds that the warrant's authority did not extend to the vehicle. At the suppression hearing, he relied on Dunn v. State, 292 So.2d 435 (Fla. 4th DCA 1974) cert. dism. 296 So.2d 47 (Fla. 1974), where it was held that, before the search of a vehicle within the curtilage of a residence is covered by a warrant for that residence, there must be some evidence to connect the vehicle with the premises. Simmons contended that no such evidence existed in his case. The trial court found otherwise and denied the motion.
In Alexander v. State, 108 So.2d 308 (Fla. 1st DCA 1959), the search warrant described a residence and included the yard. An automobile located in the yard was searched and the defendant moved to suppress the evidence discovered therein because no description of the car appeared in the warrant. In a specially concurring opinion to an affirmance without opinion, it was held that, where a warrant authorizes the search of a described building together with the curtilage thereof, parked automobiles or other vehicles found within the *1309 curtilage are proper subjects of search under the warrant. Alexander at 309.
This holding was modified in Dunn, supra, which pointed out that, in Alexander, there was evidence linking the car to the premises involved, namely the car "sloshed" when shaken (it was a `moonshine' case) and the keys were obtained from inside the house. The Dunn court therefore stated the additional requirement that "some such evidence (linking the vehicle to the premises) was necessary in order to authorize the search of a vehicle parked even within `the curtilage'." Dunn at 436.
This court similarly held in Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974) cert. dism. 325 So.2d 404 (Fla. 1976), that an automobile within the curtilage and "identified by the use of keys obtained from the occupant" of the residence is a part of the curtilage and subject to search under a valid warrant authorizing the search of the residence and the curtilage. Joyner at 64. Subsequent cases have adhered to the requirement of some evidentiary connection of the vehicle with the residence. See Stipp v. State, 355 So.2d 1217 (Fla. 4th DCA 1978); State v. Haugee, 402 So.2d 1216 (Fla. 5th DCA 1981) p.f.r.d. 415 So.2d 1360 (Fla. 1982).
We find a sufficient evidentiary connection between the residence herein and Simmons' vehicle to support its search under these authorities. Prior to Simmons' placement of the vehicle within the curtilage, the police had discovered that he lived in the subject residence and that his room therein contained objects of the search, i.e., controlled substances. Further, before searching the vehicle, police identified Simmons as the driver. Because Simmons lived in the house, kept controlled substances therein and was in control of the vehicle parked within the curtilage of the house, the search of the car was proper.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.