516 So.2d 1118 (1987)
Pamela MILLER and B.J. Miller, Appellants,
v.
STATE of Florida, Appellee.
No. BP-334.
District Court of Appeal of Florida, First District.
December 18, 1987.
*1119 J. Victor Africano, Live Oak, for appellants.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., for appellee.
SMITH, Chief Judge.
Appellants, Pamela Miller and B.J. Miller, entered pleas of nolo contendere to charges of possession of more than 20 grams of marijuana, expressly reserving their right to appeal the trial court's order denying their motion to suppress evidence discovered during a search of their automobile. We reverse.
On February 9, 1986, at about 1:00 a.m., deputies from the Madison County Sheriff's Office executed a search warrant at the residence of Shawn Shea. The warrant authorized the search of the "premises and curtilage thereof" for marijuana. The basis for the search warrant was a confidential informant's drug buy from Shea at his residence. When the deputies arrived, appellants were sitting on the couch in the living room of Shea's house. Following the discovery of contraband in various places in the house, none of which was in plain view of appellants, the deputies arrested the Sheas and appellants.
After the arrestees had been transported to the county jail, the deputies searched the curtilage. Shea operated an automobile repair shop in his garage, and there were 10-15 junk cars located in the front and back of the house and near the road. The Sheas' pickup truck and a van owned by appellants were parked adjacent to the garage. The deputies searched most of the unlocked junk cars located in the front of the house and near the shop area; then they searched the truck and finally the van. Marijuana was found inside a purse which was lying on the front seat of the van. Deputy Melgaard, who searched the van, testified that he was "pretty sure" that he found out that the van was owned by appellants before he entered it, but that he thought the search warrant authorized its search due to its location within the curtilage.
In denying the motion to suppress, the trial court found that Deputy Melgaard was not certain that the van belonged to appellants before he searched it. In addition, the trial court concluded that the search warrant authorized the search of the van because it was located within the curtilage of Shea's dwelling, relying upon the authority of State v. Haugee, 402 So.2d 1216 (Fla. 5th DCA 1981), rev.den., 415 So.2d 1360 (Fla. 1982) (search warrant authorizing search of vehicles within the curtilage included truck owned by nonoccupant of the premises who was in the house when the search warrant was executed).
After a careful review of the record herein, we find no evidentiary connection between the residence authorized to be searched and appellants' vehicle. This case is therefore controlled by our decision in Simmons v. State, 491 So.2d 1307 (Fla. 1st DCA 1986), which had not been released when the trial court entered its order in the present case. We are aware that our decision conflicts with that of the Fifth District in State v. Haugee, supra.
In support of our holding here, we note that the mere presence of a visitor on premises authorized to be searched is insufficient evidence connecting him with criminal conduct to justify a search of his *1120 person. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). It would be an anomaly to prohibit the search of a visitor while simultaneously permitting a search of the automobile in which he arrived on the premises. Although some courts have held otherwise,[1] we believe the better view to be that during mere visitation, without more, a visitor does not relinquish control of his automobile to the person being visited so as to subject the automobile to search under a warrant generally describing "the premises and curtilage thereof."[2] The search warrant in the present case did not cover appellants, who were visitors, nor their automobile which by mere fortuity of circumstances was parked on the premises.
We hold that the trial court erred in denying appellants' motion to suppress evidence which was discovered in their van, and certify conflict with State v. Haugee, supra, pursuant to Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure.
REVERSED.
WENTWORTH, J., concurs.
JOANOS, J., specially concurs in result.
NOTES
[1] Two decisions upholding a search of the visitor's automobile while suppressing evidence found on his person, United States v. Cole, 628 F.2d 897 (5th Cir.1980) and Beeler v. State, 677 P.2d 653 (Okl.Cr.App. 1984), have been criticized in LaFave, 2 Search and Seizure (Second Edition), s. 4.10(c), n. 53, p. 323, 1987.
[2] U.S. v. Reivich, 793 F.2d 957 (8th Cir.1986); U.S. v. Percival, 756 F.2d 600 (7th Cir.1985).