**STATE of Texas, Appellant,**

v.

**Jimmy Ray BARNETT, Appellee.**

**No. 3–88–074–CR.**

Court of Appeals of Texas,
Austin.

Jan. 25, 1989.

Discretionary Review Granted
April 19, 1989.

Dick Alcala, Dist. Atty., San Angelo, for appellant.

Theodore A. Hargrove, III, San Angelo, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

ON REHEARING

PER CURIAM.

The opinion of this Court filed December 21, 1988, is withdrawn and the following opinion is filed in its place.

The State appeals an order of the district court granting appellee Barnett's motion to suppress evidence. Tex.Code Cr.P.Ann. art. 44.01(a)(5) (Supp.1988). The underlying cause is a revocation of probation proceeding, although the statement of facts reveals that the evidence suppressed also is relevant to another cause in which appellee has been indicted.

On the afternoon of March 14, 1988, San Angelo police officer Mickey Jones was told by a reliable informer that Paula Byrd possessed methamphetamine in her residence at 1803 Pulliam. Based on this information, Jones obtained a warrant to search the premises and arrest Byrd. No other person was named or described in the warrant. It is undisputed that the warrant was lawfully issued.

The facts are also undisputed. Execution of the warrant began at 5:00 that afternoon. Byrd, another woman, and three men (none of them appellee) were present when the police arrived. All present were detained and searched, but neither the propriety nor the results of these personal searches is before us. Four plastic bags containing a white powder which field tests indicated was amphetamine were found in a zipper bag sitting on a counter between the kitchen and the living room. A burned marihuana cigarette and a cellophane cigarette wrapper containing marihuana were found on a coffee table in the living room.

In a bedroom of the house, Jones found luggage containing men's clothing, men's toilet articles, and envelopes addressed to appellee (but to another address in San Angelo). Barnett was known to Jones, who testified that he knew appellee had a criminal record. Jones also testified that, during the previous six to eight months, he had been told by three reliable informers that appellee was involved in the trafficking and use of methamphetamine in San Angelo. Jones had also seen appellee in the company of known methamphetamine users, but did not say when. Further, Jones had been told by an informer of unspecified reliability that appellee dealt methamphetamine with Paula Byrd and sometimes stayed at her residence. Finally, Jones had been told by a reliable informer that the informer had seen appellee attempting to sell methamphetamine. This observation had been made less than twenty-four hours before the search of Byrd's residence.

At approximately 5:45, appellee drove up to 1803 Pulliam in an automobile which he parked in the front yard. Appellee was immediately recognized, and both he and his car were searched by the police. No weapons or contraband were found on appellee's person, but a plastic bag containing amphetamine was found strapped to the

sun visor of the car. It is this evidence that appellee successfully moved to suppress on both federal and state grounds.

The State first argues that the search of appellee's automobile was authorized by the warrant because the vehicle was parked on the premises to be searched. The State further argues that if the search exceeded the scope of the warrant, the officers nevertheless acted in objective good faith reliance on the warrant. Tex. Code Cr.P.Ann. art. 38.23(b) (Supp.1988). Finally, the State urges that the facts known by the police, together with the surrounding circumstances, authorized the search of appellee's car independently of the search warrant. Each of these contentions was presented to and rejected by the district court.

 At a hearing on a motion to suppress evidence, the trial court, as trier of fact, is sole judge of the credibility of the witnesses and the weight to be given their testimony, and an appellate court must defer to the trial court's findings of fact absent a clear abuse of discretion. *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977). However, as previously noted, there was no dispute in the district court as to the relevant facts in this cause. Moreover, there is nothing in the record to indicate that the district court disbelieved any part of the testimony of the three police officers who were the only witnesses at the hearing. It is clear from the record that the trial court's ruling was based on a determination that the facts presented had failed to establish a legal basis for searching appellee's car. This is a question of law that, under art. 44.01(a)(5), may be reviewed by this Court in the same manner as an order overruling a motion to quash.

It has been held that a warrant to search a described premises authorizes the search of any vehicles located within the curtilage of the premises. *Keen v. State*, 626 S.W. 2d 309 (Tex.Cr.App.1981); *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1975). However, appellee argues that this rule was overruled or qualified by *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), in which it was held that police

executing a warrant to search a tavern and a bartender known as "Greg" were not authorized by the warrant to search other persons present at the tavern. In *Lippert v. State*, 664 S.W.2d 712 (Tex.Cr.App.1984), the court held, relying on *Ybarra*, that a warrant to search a premises and to arrest and search specified individuals does not carry with it the right to detain, search, or frisk persons found on the premises but not directly associated with the premises and not named or described in the warrant. To justify the detention and search of a person, other than an occupant, present at the scene of a valid execution of a search warrant, there must be some independent factors, other than mere presence, trying the person to the unlawful activities on the premises. *See also Conner v. State*, 712 S.W.2d 259 (Tex.App.1986, pet. ref'd.).

 The question presented by the State's first point of error is whether the principles articulated in *Ybarra, Lippert, and Conner* also apply to vehicles present on the premises to be searched. The authorities are split on this question.

In *United States v. Cole*, 628 F.2d 897 (5th Cir.1980), San Antonio police were about to begin executing a warrant to search an apartment when they saw Cole, who was not named or described in the warrant, drive up in a truck. Cole was frisked and his truck was searched. Citing *Ybarra*, the court held that the frisk of Cole was unlawful. However, the court upheld the search of Cole's truck on the ground that, by its presence on the premises, it was included within the scope of the warrant. In a dissenting opinion, it was urged that no distinction should be drawn between the search of Cole and the search of his truck:

I cannot understand why those Fourth Amendment considerations which are relevant to Cole's person are any less relevant to his truck, or more particularly to those personal effects of his that were in the truck. The warrant no more authorized a search of Cole's truck than it did of Cole. Cole's truck was just as much a "visitor" in the scene as was Cole. If Cole was not personally within the scope

of the warrant then I do not see how his effects were any more subject to search under that warrant when they arrived in precisely the same manner as he did. 628 F.2d at 900. *See also Beeler v. State,* 677 P.2d 653 (Okl.Cr.App.1984); *State v. Haugee,* 402 So.2d 1216 (Fla.App.1981).

In *Miller v. State,* 516 So.2d 1118 (Fla. App.1987), the police had a warrant to search the residence of Shawn Shea for marihuana. The Millers were present when the police arrived to execute the warrant. The Millers' van, which was parked on the premises, was searched by an officer who acknowledged that he knew it belonged to the Millers. Finding the search of the van to be unlawful, the court held that a mere visitor does not relinquish control of his vehicle to the person being visited so as to subject it to a search under a warrant to search the premises. Echoing the dissent in *Cole,* the court stated that it would be anomalous to prohibit the search of a visitor pursuant to *Ybarra,* but to allow the search of the vehicle in which the visitor arrived.

Assuming that the mere presence of appellee's automobile on the premises did not bring it within the scope of the search warrant, this Court finds that the search of the vehicle was lawful under the principles enunciated in *Lippert.*

In *Ybarra* and *Conner,* the person searched was a total stranger to the police. In *Lippert,* the defendant had been seen previously by the police at the residence being searched, but the police knew nothing else about him. Appellee, on the other hand, was no stranger to the police executing the warrant at 1803 Pulliam on the afternoon in question. To the contrary, both his identity and the fact that he had a criminal record were known to the officers. More significantly, the police had heard from various reliable informers over a period of several months that appellee was engaged in the trafficking of methamphetamine in San Angelo. In fact, an informer who had proved reliable in the past had seen appellee attempting to sell methamphetamine less than twenty-four hours before the search in question. Another in-

former had told the police that appellee sold drugs with Paula Byrd and stayed at her house when in town. This information was corroborated in part by the discovery of luggage containing men's clothing and envelopes addressed to appellee in a bedroom of Paula Byrd's house. Thus, there were independent factors, and not mere presence, giving the police probable cause to believe appellee was involved in the unlawful activities taking place at Byrd's residence. Under the circumstances, the search of appellee and his car did not exceed the scope of the search authorized by the warrant. *See Simmons v. State,* 491 So.2d 1307 (Fla.App.1986).

Having sustained the State's first point of error, we do not reach points two and three.

Appellee's motion for rehearing is overruled.

The order granting appellee's motion to suppress evidence is set aside and this cause is remanded to the district court for further proceedings.