**Sandra Faye WORTHEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00510–CR.**

Court of Appeals of Texas, San Antonio.

June 30, 1989.

Rehearing Denied July 24, 1989.

Steven C. Hilbig, San Antonio, for appellant.

Fred G. Rodriguez, Arnulfo Ruiz, Jay Brandon, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Sandra Faye Worthey, appellant, pled guilty to the offense of possession of methamphetamine and was sentenced to six years' confinement in the Texas Depart-

ment of Corrections. By one point of error, she contends that the search of her purse was without probable cause and in violation of the United States and Texas Constitutions and, therefore, that the trial court erred in denying her motion to suppress evidence seized in the search.

The State's only witness at the motion to suppress hearing was San Antonio police officer A.L. Miller. Officer Miller testified that on March 24, 1988, he and other officers executed a search warrant for a residence located in Bexar County, Texas. Appellant was not named in the warrant and was not present at the time the police began to execute the warrant.

Approximately thirty minutes after the search began, appellant arrived in a vehicle with another individual and parked near the residence. Officer Miller was outside the residence because he had information that another vehicle might arrive at the scene and that it might contain narcotics. As the appellant and the other individual approached the steps of the residence, Officer Miller and Sergeant Smith approached them and identified themselves as police officers. At the time of their approach, both officers were armed and wearing plain clothes. Appellant and the other individual were told not to move their hands. Appellant was carrying a purse with the strap hanging from her right shoulder. In reaction to the announcement from the officers, appellant clutched her purse with her right hand and turned partially away from the officers. In response to appellant's movement, which obstructed his view of her right hand and the purse, Officer Miller "grabbed" appellant and took the purse from her. He then attempted to discern the contents of the purse by feeling and squeezing its exterior. The purse was made of a soft material.

Officer Miller stated he was familiar with the "feel" of a weapon through a pocket or other type of material. According to his testimony, Officer Miller was unable to feel anything hard, but he did

testify that what he felt "wasn't that soft." Officer Miller determined that there were several items in the purse, but he was unable to articulate that he believed the purse contained a weapon. Officer Miller opened the purse and immediately found "contraband" along with items of "paraphernalia." The "contraband" was the methamphetamine that became the basis of this prosecution.

Appellant asserts that she should not have been searched simply because she was present at the scene where a search warrant is being executed. *Lippert v. State*, 664 S.W.2d 712 (Tex.Crim.App.1984). In *Lippert*, the defendant did nothing suspicious but was detained and frisked anyway. The frisk uncovered no weapons, but a later search turned up drugs in Lippert's shirt pocket. *Id.* at 715–16. The Court of Criminal Appeals also noted that the defendant, Lippert, made "no furtive gestures or sudden movements towards a pocket or other place where a weapon might be concealed." *Id.* at 721.

■ We interpret *Lippert* to mean that a frisk of a person merely present at the scene of a search must be justified under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In other words, the officer must have a reasonable belief that "[T]he individual whose suspicious behavior he is investigating at close range *is* presently armed and dangerous." *Terry*, 392 U.S. at 24, 88 S.Ct. at 1881 (emphasis added).[1] In applying *Terry* and *Lippert* to this case, we look at each step in the transaction to determine the reasonableness of the police action. We look for articulable reasons, as opposed to suspicions, for the police action and whether the action is the least intrusive required under the circumstances.

■ In the instant case, appellant arrived while the premises were still being searched. The officers made certain appellant and her companion were going to the residence named in the warrant before stopping them. We hold that it was rea-

1. *Cf. Conner v. State*, 712 S.W.2d 259, 260 (Tex. App.—Austin 1986, pet. ref'd), which states that the police must have a reasonable belief only that the suspicious person *may be* armed and presently dangerous. (emphasis added)

sonable for the officers to stop two unknown people from intruding into the area of the ongoing search. After proper identification, the officers told appellant not to move her hands. Appellant disobeyed this lawful command and moved her right hand and her purse out of the officer's sight. We hold that Officer Miller was justified in having a suspicious concern that appellant's right hand was reaching for a weapon in the purse.

By feeling the outside of the purse, Officer Miller made the least intrusive search possible. When, however, he was unable to articulate that the frisk gave him a reasonable belief that the appellant was armed and dangerous, the intrusion could go no further.[2] Therefore, the officer lacked probable cause to search inside appellant's purse, and that search, in which the contraband was discovered, violated appellant's constitutional protection against unlawful search and seizure.

The sole point of error is sustained and the judgment is reversed.

[2.] Since appellant was not a target of the search warrant, it would have been appropriate to send her on her way. If there were some reason for her to remain, the purse could be secured away from appellant.