560 So.2d 1303 (1990)
STATE of Florida, Appellant,
v.
John Marshall BOOREAM, Appellee.
No. 89-02117.
District Court of Appeal of Florida, Second District.
April 27, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
PARKER, Judge.
The State of Florida appeals a trial court order granting John Booream's motion to suppress a controlled substance and drug paraphernalia found in Booream's vehicle during a search. We conclude that the search was authorized by a search warrant, and we reverse the suppression order.
Booream, a visitor at the residence of Eustis Jones, had parked his vehicle in the driveway of the residence. Law enforcement agents executed a search warrant at the dwelling of Jones. Probable cause for the warrant was based upon controlled buys of controlled substances in that residence. Apparently, vehicular traffic occurred on the property during the controlled purchases. The search warrant authorized the officers to "search the afore-described place and premises, together with the yard and curtilage thereof, and any and all out buildings and vehicles thereon, and any person reasonably believed to be connected with the illegal activity." *1304 The warrant and Miranda warnings were read to the persons inside the home, including Booream. The officers asked Booream which vehicle was his and requested the keys from him. Upon obtaining the keys, they searched his car which was parked on the property and discovered illegal drugs and paraphernalia that led to the charges against him.
The trial court granted Booream's motion to suppress the evidence, reasoning "it would be an anomaly to prohibit the search of a visitor while simultaneously permitting a search of the automobile in which he arrived on the premises." This court in State v. Musselwhite, 402 So.2d 1235 (Fla. 2d DCA), review dismissed, 408 So.2d 1094 (Fla. 1981), found that the driveway of one's residence is within the "curtilage," so that a search warrant in that case authorizing search of vehicles on the curtilage of a described building permitted the search of an automobile parked on the driveway of the premises to be searched.
The fifth district in State v. Haugee, 402 So.2d 1216 (Fla. 5th DCA 1981), review denied, 415 So.2d 1360 (1982),[*] upheld the search of a vehicle that was parked in the yard of the premises described in the warrant and was owned by a visitor to the residence. The basis for upholding the search of the vehicle in Haugee was that the warrant expressly authorized search of any vehicles within the yard and curtilage of the dwelling. More recently, the fifth district reaffirmed its decision in Haugee in Richardson v. State, 547 So.2d 323 (Fla. 5th DCA 1989), under virtually identical circumstances. In neither Haugee nor Richardson did the court require any reasonable connection between the search of the vehicle and the association of the vehicle's owner with the illicit activity within the residence.
Consistent with this court's decision in Musselwhite and the fifth district's decisions in Haugee and Richardson, we reverse the trial court's suppression of the evidence found in Booream's automobile, because Booream's vehicle was parked on the driveway of the premises which were the subject of a search warrant that expressly permitted the search of vehicles within the curtilage.
Reversed and remanded for proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[*] We recognize that the first district in Miller v. State, 516 So.2d 1118 (Fla. 1st DCA 1987), has reached a result contrary to Haugee and has certified conflict with the Haugee decision to the supreme court.