PER CURIAM.
We accepted jurisdiction in this appeal from the county court because the issue was said to be of great public importance. The issue on appeal is whether an arrest and related activity by a deputy sheriff is subject to avoidance by the arrestee where that deputy sheriffs oath of office was administered *89 by one other than the duly-elected sheriff. We answer the certified question in the negative.
Whether the sheriff duly appointed deputy Brownlee is an issue not before us. The issue presented to the trial court was whether one other than the sheriff may administer the oath of office. We do not reach that issue, but resolve the matter by relying on well-established law that a third party may not look behind the deputy’s authority (in the legal sense) as a defense in a criminal prosecution.
The deputy sheriff here, even assuming his appointment might be considered irregular for lack of a proper oath (and we do not so hold), was at least a defacto and more probably a de jure officer at the time of the arrest in question. It is clearly established that the acts of officers in these categories are valid as to third persons and the public until their title to office is judicially adjudged to be defective. Kane v. Robbins, 556 So.2d 1381, 1385 (Fla.1989); see, generally, 9 Fla.Jur.2d, Civil Servants, §§ 166-174.
Accordingly, we answer the certified question by holding that the third party/arrestee has no standing in the context of his own criminal prosecution to question the authority of the deputy sheriff.
AFFIRMED.
HERSEY, GUNTHER and WARNER, JJ., concur.