673 So.2d 139 (1996)
STATE of Florida, Appellant,
v.
Quillis Lee FREEMAN, Jr., Appellee.
No. 95-1353.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
*140 Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellee.
DAUKSCH, Judge.
The State appeals the trial court's order granting a motion to suppress evidence seized during a search of appellee's car. We agree the trial court erred in granting the motion and reverse.
Quillus Freeman was arrested and charged with possession of cocaine,[1] possession of a firearm by a convicted felon,[2] possession of drug paraphernalia,[3] and possession of cannabis.[4] The evidence established that a police informant made two controlled drug buys at a residence. The informant told the police that a female and a man called "Sweet Pea" lived at the address and that "Sweet Pea" was present when the buy was made. The informant did not give the name of the specific individual he was dealing with when he made the drug purchases. The police learned the house was listed in a female's name. A maroon Cadillac was observed parked in the carport by the informant and a police officer during one of the buys by the informant. The police did not run the license tag to determine its owner and were not aware of "Sweet Pea's" real identity.
The police obtained a search warrant. The search warrant authorized the police "to enter and search the aforesaid premises together with the yard and curtilage thereof, and any and all outbuildings and vehicles thereon, and any persons thereon reasonable [sic] believed to be connected with the said illegal activity, ...." [emphasis added].
The police searched the residence and found only Mrs. Rogers and one son present. Mrs. Rogers informed them that Freeman lived with her at the residence. Approximately twenty minutes after the search commenced, a maroon Cadillac driven by Freeman pulled into the driveway and into the carport. When the car began to back out of the carport a police officer ordered Freeman to stop and put his hands on the steering wheel. Freeman did not immediately comply and the officer drew his gun and again ordered Freeman to stop and put his hands on top of the steering wheel. The officer testified that he thought he saw Freeman put something under the seat. They were able to secure Freeman from the vehicle but were unable to find any contraband on him. The police proceeded to search his vehicle. They discovered crack cocaine, powdered cocaine, cannabis, and a .38 revolver.
Freeman filed a motion to suppress the evidence obtained from the search of the *141 vehicle. In granting the motion the trial court stated the police only had a "hunch" that Freeman was "Sweet Pea." The court stated this did not provide a sufficient nexus between the vehicle within the curtilage of the residence and the alleged illegal activity.
We find the evidence establishes the police officers had a reasonable belief that Freeman was involved in the illegal activity. Both the police officer and the informant observed a maroon Cadillac present during one of the buys. Rogers informed the police that Freeman lived there and expected him home soon. Further, the police officer testified he saw Freeman attempt to conceal something under the seat.
In addition, we hold that the police properly detained Freeman when he entered the premises. State v. Thomas, 603 So.2d 1382, 1384 (Fla. 5th DCA 1992). Further, this court and other courts have not required a nexus between any vehicle found on the property and the alleged illegal activity when the search warrant authorizes the police to search any vehicle within the curtilage of the premises. State v. Booream, 560 So.2d 1303 (Fla. 2d DCA 1990); Richardson v. State, 547 So.2d 323 (Fla. 5th DCA 1989); State v. Haugee, 402 So.2d 1216 (Fla. 5th DCA 1981), rev. den., 415 So.2d 1360 (Fla.1982); but see Miller v. State, 516 So.2d 1118 (Fla. 1st DCA 1987). Given that the authority to search the vehicle was explicitly within the search warrant a final, and conclusive, authority for doing so exists.
REVERSED AND REMANDED.
PETERSON, C.J., and ANTOON, J., concur.
NOTES
[1] §§ 893.13(6)(a) and 893.03(2)(a)4, Fla.Stat. (1995).
[2] § 790.23, Fla.Stat. (1995).
[3] § 893.147(1), Fla.Stat. (1995).
[4] §§ 893.13(6)(b) and 893.03(1)(c), Fla.Stat. (1995).