OPINION OF THE COURT
Roy Tepper, J.
Defendant is charged with 16 violations of chapter 16 of the City of Long Beach Code of Ordinances (Noise Code). Defendant has moved for dismissal of the informations / complaints pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c) upon the grounds that the statute is unconstitutional on its face and in its application. Defendant also moves for dismissal pursuant to CPL 170.40 in the interests of justice. The motion is decided as follows.
The Noise Code prohibits, among other things, the use of amplified sound in both Ocean Beach Park and residential areas at a level greater than 65 decibels, unless otherwise exempted by section 11 of the Code. Section 11 exempts various forms of noise from the Noise Code, including "noise generated by municipally sponsored concerts and events designed to promote the health, safety or welfare of the citizens of Long Beach”. It was in the interests of protecting its citizens from excessive noise that the City of Long Beach enacted the Noise Code.
Constitutional Challenges
There is a strong presumption that a statute duly enacted is valid. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150; *1013 People v Pagnotta, 25 NY2d 333, 337 [1969].) While this presumption is rebuttable, unconstitutionality must be demonstrated, beyond a reasonable doubt, and only as a last resort should courts strike down legislation on the ground of unconstitutionality. (Lighthouse Shores v Town of Islip, 41 NY2d 7, 11 [1976]; Matter of Van Berkel v Power, 16 NY2d 37.) Thus, as to reasonableness, defendant in order to succeed has the burden of showing that " 'no reasonable basis at all’ ” existed for the challenged portions of the ordinance. (Lighthouse Shores v Town of Islip, supra, at 12; I.L.F. Y. Co. v Temporary State Hous. Rent Commn., 10 NY2d 263, 269.)
1. Time, Place, or Manner Restrictions
The Supreme Court has made it clear that even in a public forum the Government may impose reasonable restrictions on the time, place, or manner of protected speech. The Court has provided a three-pronged test which a government regulation must meet when restricting First Amendment protected speech in a public forum. In order for a regulation to be a valid time, place, or manner restriction of protected speech the regulation must be: (1) content neutral; (2) narrowly tailored; and (3) leave open alternative channels. (Clark v Community for Creative Non-Violence, 468 US 288, 293 [1984].)
The principal inquiry in determining content neutrality, in speech cases, generally, and in time, place, or manner cases in particular, is whether the Government has adopted a regulation of speech because of a disagreement with the message it conveys. (Clark v Community for Creative Non-Violence, supra, at 295.) The Noise Code places a limitation on the loudness of the speech and in no way distinguishes its content. As a means to achieve its legitimate goal of noise abatement, the City enacted a plan that is content neutral. " '[A] regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others.’ ” (Carew-Reid v Metropolitan Transp. Auth., 903 F2d 914, 916 [1990]; Ward v Rock Against Racism, 491 US 781 [1989].) A decibel meter, by definition, is content neutral. It merely measures the volume of noise, not content. Furthermore, by codifying and articulating specific decibel levels and the locations from where to take these measurements, the noise ordinance in no way allows for arbitrary or discriminatory enforcement. (Crockett Promotion v City of Charlotte, 706 F2d 486, 493 [1983].) Likewise, "the fact that an exception is made to allow [municipality] sponsored *1014 events to take place in an otherwise problematic location and at a higher volume does not indicate the regulation is content-based.” (Turley v New York City Police Dept., 1996 US Dist LEXIS 2582, *14 [SD NY, Mar. 5, 1996, Schwartz, J.J.)
While a regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the Government’s legitimate interests, it need not be the least restrictive or least intrusive means of doing so. (Ward v Rock Against Racism, supra, at 798.) Rather, the requirement of narrow tailoring is satisfied "so long as the * * * regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.” (United States v Albertini, 472 US 675, 689 [1985].) The harm the City of Long Beach wants to eliminate is merely the intrusiveness of loud noise, not the message of the defendant.
There is no question that the regulation of activity, especially the regulation of sound and noise, in public areas is an important function of city government. (Kovacs v Cooper, 336 US 77, 87 [1949]; see also, Turley v New York City Police Dept., supra.) The object of the decibel level limit in Ocean Beach Park is to maintain peace and order and promote public safety. The City of Long Beach has a substantial interest in protecting its citizens from noise.
The defendant argues that the 65-decibel limit in Ocean Beach Park burdens more speech than necessary. But, arguments for alternative regulatory methods, such as a higher decibel level, are nothing more than a disagreement with the Legislature as to acceptable levels of noise: " '[t]he validity of [time, place, or manner] regulations does not turn on a judge’s agreement with the responsible decisionmaker concerning the most appropriate method for promoting significant government interests’ or the degree to which those interests should be promoted.” (Ward v Rock Against Racism, supra, at 800.) The Legislature’s determination that 65 decibels is a valid and reasonable level that welcomes free speech, without interfering with the rights of others, is a valid exercise of its legislative responsibility.
The final requirement for the time, place, or manner restriction of protected speech is that the restriction leave open ample alternative channels of communication. Clearly, in the case at bar, alternative channels exist to transmit the defendant’s message. The Noise Code permits expressive activity in Ocean Beach Park provided that such activity maintains a reasonable decibel level. "That the city’s limitations on volume may reduce *1015 to some degree the potential audience for [defendant’s] speech is of no consequence, for there has been no showing that the remaining avenues of communication are inadequate.” (Ward v Rock Against Racism, supra, at 802; see, City Council v Taxpayers for Vincent, 466 US 789, 803 [1984].) Therefore, this court finds the Noise Code is a valid time, place, or manner restriction.
2. Vagueness
In order to establish that a law is vague within the Due Process Clause, one "must demonstrate that the law is impermissibly vague in all of its applications” (Hoffman Estates v Flipside, Hoffman Estates, 455 US 489, 497 [1982]), and must "prove that the enactment is vague ' "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.” ’ ” (Supra, at 495, n 7.) The Noise Code is not vague. The decibel level limitation is clear and precise. "It tells one and all the specific permissible volume of sound that may be generated by amplifying-equipment at very specific geographic points and at designated hours.” (Crockett Promotion v City of Charlotte, 706 F2d, supra, at 493.)
3. Overbreadth
The Supreme Court has cautioned that invalidation of State laws for facial overbreadth is a remedy that should be applied "sparingly and only as a last resort.” (Broadrick v Oklahoma, 413 US 601, 613 [1973].) A statute should not be deemed facially invalid unless its deterrent effect on legitimate expression is both real and substantial. (See, Broadrick v Oklahoma, supra; Erznoznik v City of Jacksonville, 422 US 205 [1975].) The deterrent effect of the Noise Code is neither real nor substantial. The purpose of the Noise Code is the regulation of noise and in no way is directed at the suppression of protected speech. (See, Forsyth County v Nationalist Movement, 505 US 123, 129-130 [1992].)
4. Equal Protection
Defendant also submits that the Noise Code denies him equal protection of the laws. The defendant argues that the City of Long Beach by way of the Noise Code is permitting speech for some but prohibiting it for others. (Carey v Brown, 447 US 455 [1980].) The Noise Code’s exemption of government *1016 sponsored events from the decibel ceiling is not based on the actual content of the music or message. (Turley v New York City Police Dept., 1996 US Dist LEXIS 2582, supra.) All speakers are permitted to speak on the boardwalk, as long as they maintain a volume of 65 decibels or less, in accordance with the statute.
Dismiss in the Interest of Justice
The purpose of a motion to dismiss in the interest of justice is to allow justice to prevail over the strict letter of the law so as to prevent a miscarriage of justice. (See, People v Stern, 83 Misc 2d 935.) In entertaining such a motion, the court must scrutinize the merits of defendant’s application and weigh the respective interests of the defendant, the complainant, and the community at large. (See, People v Clayton, 41 AD2d 204.) The burden of setting forth factors sufficiently compelling to justify dismissal under CPL 170.40 rests squarely upon the defendant. The defendant merely mentions in his notice of motion that the information should be dismissed and refers to CPL 170.40, but never articulates any reasons why this should be granted. Therefore, the motion is denied.
Conclusion
It is the decision of this court that chapter 16 of the City of Long Beach Code of Ordinances is constitutional. Accordingly, defendant’s motion to dismiss is denied in all respects.