710 So.2d 635 (1998)
Reyneldon J. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-996.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
Dean F. Mosley of McCrary & Mosley, Orlando, for Appellant.
No Appearance for Appellee.
HARRIS, Judge.
Officer Reilly of the Orange County Sheriff's Department was working off-duty for the Embassy Nightclub. While patrolling the club's parking lot, the officer observed Davis approaching the parking lot by way of a service road connecting Lee Road to the Embassy property. The officer was "a minimum of 175 feet" from Davis' vehicle when he noticed the loudness of the vehicle's stereo. The officer stopped the vehicle for violating a noise statute which makes it a violation to play a vehicle's radio so that it is "plainly audible at a distance of 100 feet or more from the motor vehicle."[1] Once stopped, Davis consented to a search of his vehicle and cocaine was found. Davis' contention on appeal is that the search, even though consensual, was the fruit of an illegal stop because the noise statute is unconstitutional in that it is void for vagueness and violates Florida citizens' right to "free expression through music" and, in addition, the stopping of a vehicle which has committed no traffic violation is a wrongful seizure. We affirm.
*636 Although we have found no Florida cases directly on point, cases from other jurisdictions are persuasive. Concerning the vagueness argument relating to a noise ordinance in New York, the court in People v. Toback, 170 Misc.2d 1011, 652 N.Y.S.2d 946, 949 (N.Y.City Ct.1996), held:
In order to establish that a law is vague within the Due Process Clause, one "must demonstrate that the law is impermissibly vague in all of its applications;" Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982), and must "prove that the enactment is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." Id.
This noise code is not vague. One may not play his or her car radio so loudly that it is plainly audible to another standing 100 feet or further away. Noise ordinances based on distances beyond which the sound may not be audible have been upheld. See State v. Ewing, 81 Hawai'i 156, 914 P.2d 549 (1996); City of Portland v. Ayers, 93 Or.App. 731, 764 P.2d 556 (1988), rev. denied, 308 Or. 79, 775 P.2d 322 (1989).
Davis' free speech argument is also unavailing. The ordinance addresses noise not speech. In Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 3068-69, 82 L.Ed.2d 221 (1984), the United States Supreme Court held that it is appropriate to impose reasonable restrictions on the time, place, and manner of protected speech. In order for the regulation to be valid, it must: (1) be content neutral; (2) narrowly tailored; and (3) leave open alternative channels. The ordinance herein does not address content at all; it narrows its application to sounds that are plainly audible 100 feet or further away; and it permits one to listen to anything he or she wishes so long as it cannot be heard at the prohibited distance. In other words, the statute permits one to listen to anything he or she pleases, although not as loudly as one pleases.
It has been often recognized that the regulation of sound and noise in public areas is an important function of government. This statute as applied herein is a reasonable application of that function.
Finally, we do not agree that an officer may stop a motorist only if he or she is violating the traffic code. For example, if an officer observes garbage being thrown from a vehicle, or that the driver is driving naked, or sees a driver shoot at a pedestrian, a stop would appear appropriate. In this case, a violation of the noise statute justified the stop.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.
NOTES
[1] Section 316.3045, Florida Statutes (1997).