FULMER, Chief Judge.
Donald Jarrett was stopped for speeding in the Town of Redington Shores by a police officer who was employed by the Town of Indian Shores. The officer was on patrol in Redington Shores because the town had entered into an agreement by which Indian Shores was providing it with law enforcement services. Jarrett was charged with several felonies that grew out of the stop. Jarrett moved to suppress all evidence derived from the stop, arguing that the stop was illegal because the agreement for law enforcement services between the two municipalities was invalid. After- the trial court denied his motion to suppress and motion for rehearing, Jarrett pleaded to the charges, reserving his right to appeal, the denial of the motion to suppress. We affirm the trial court’s order denying Jarrett’s motion but for reasons other than those relied on by the trial court.
At the motion to suppress hearing, the parties stipulated to the facts pertaining to the traffic stop and subsequent arrest. They presented their legal arguments by simultaneously submitting written memorandums. Jarrett initially argued that the agreement between the two towns violated *431 article VIII, section 2(c) of the Florida Constitution, which provides that “exercise of extra-territorial powers by municipalities shall be as provided by general or special law.” Jarrett contended that in the absence of an underlying statute, Indian Shores could not exert extra-territorial jurisdiction over Redington Shores by agreeing to have its police officers provide law enforcement services for Redington Shores. The State argued that the agreement was authorized by section 166.0495, Florida Statutes (2003), which provides that “[a] municipality may enter1 into an interlocal agreement pursuant to s. 163.01 with an adjoining municipality or municipalities within the same county to provide law enforcement services within the territorial boundaries of the other adjoining municipality or municipalities.”
The trial court denied Jarrett’s motion on the basis that the agreement between the towns was authorized by section 166.0495. Jarrett filed a motion for rehearing in which he noted that the interlocal agreement requirement of section 166.0495 triggers compliance with the provisions of section 163.01. Section 163.01(11), Florida Statutes (2003), states: “Prior to its effectiveness, an interlocal agreement and subsequent amendments thereto shall be filed with the clerk of the circuit court of each county where a party to the agreement is located.” Having found no such filings, Jarrett argued that the agreement was not effective and was, therefore, unenforceable.
The trial court denied Jarrett’s motion for rehearing based on a determination that Jarrett had “no standing to challenge any ostensible infirmity of the agreement” because he was neither a signatory to nor a third-party beneficiary of it. We do not agree that the question presented by this case is one of standing to challenge the agreement. Jarrett’s motion seeks suppression of evidence obtained as a result of an alleged unlawful seizure which he claims violated his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and article 1, section 12 of the Florida Constitution. His legal allegation is sufficient to confer standing to bring his motion to suppress. See State v. Jones, 483 So.2d 433, 435 (Fla.1986) (“Unquestionably, stopping an automobile and detaining its occupant constitutes a seizure within the meaning of the fourth amendment to the United States Constitution.”); see also Welch v. State, 741 So.2d 1268, 1270 (Fla. 5th DCA 1999). However, because his motion cannot succeed on its merits, we affirm the denial of the motion.
The primary purpose of the exclusionary rule is to deter unlawful police action. See United States v. Calandra, 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); State v. White, 660 So.2d 664, 666 (Fla.1995). Therefore, it has been held not to apply to evidence obtained by .police who acted in objectively reasonable reliance upon a statute which was subsequently determined to be unconstitutional. See Illinois v. Krull, 480 U.S. 340, 350, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). In such circumstances, there is no police misconduct to deter.
Applying these principles in this case, we address the question of whether the officer’s stop and arrest of Jarrett, made in objectively reasonable reliance on the purported agreement between the two jurisdictions, resulted in a violation of Jarrett’s constitutional rights, assuming that a subsequent challenge to the agreement’s effectiveness has merit. It is undisputed that the Town of Indian Shores was providing law enforcement services within the Town of Redington Shores pursuant to an agreement that the towns are authorized to execute under Florida law. Jarrett’s *432 challenge to the agreement is not grounded on a Fourth Amendment violation by the police officer but rather is aimed at the actions of the municipal governments in allegedly failing to follow the statutory procedures applicable to the execution of interlocal agreements. No police misconduct is alleged. In this circumstance, we hold that application of the exclusionary rule cannot be justified.
Furthermore, we conclude that the agreement confers at least de facto status on the police officer who stopped Jarrett notwithstanding any alleged procedural infirmity in the agreement between the two towns. “A de facto officer’s acts are as valid and binding upon the public or upon third persons as those of an officer de jure.” See Kane v. Robbins, 556 So.2d 1381, 1385 (Fla.1989); see also Farrell v. State, 650 So.2d 88, 89 (Fla. 4th DCA 1995) (stating that the acts of de facto officers “are valid as to third persons and the public until their title to office is judicially adjudged to be defective”).
Affirmed.
DAVIS and WALLACE, JJ., Concur.