WALLACE, Judge.
Xavier D. Howard challenges his convictions and sentences for possession of cocaine with intent to deliver within 1000 feet of a school, possession of cannabis, and driving while license suspended or revoked (DWLSR) following his guilty plea. Mr. Howard’s appellate counsel initially filed an Anders[1] brief, asserting that no issue of arguable merit could be found to support significant reversible error in this case. But our review of the record and of the applicable law reflected issues of potential merit in the denial of Mr. Howard’s motion to suppress, which he preserved for appellate review and which could affect his drug-related convictions. Accordingly, we directed the parties to file supplemental briefs addressing the denial of Mr. Howard’s motion to suppress. After reviewing the parties’ supplemental briefs, we affirm.
In the circuit court, Mr. Howard challenged the search of a vehicle that he was driving and moved to suppress tangible evidence discovered in the vehicle and his statements following his arrest for DWLSR. A warrant had been issued to search the premises onto which Mr. Howard drove just before the warrant was executed. And law enforcement officers searched Mr. Howard’s vehicle incident to his arrest for DWLSR and under the authority of the warrant. Following an evi-dentiary hearing, the circuit court found that the search was valid as a search incident to Mr. Howard’s arrest and under the warrant. Accordingly, the circuit court denied Mr. Howard’s motion to suppress.
But the search occurred — and the circuit court ruled on the motion to suppress— before the United States Supreme Court issued its decision in Arizona v. Gant, — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Gant held that a search incident to an arrest must be justified by interests of officer safety or to preserve evidence, stating as follows:
Police may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arres-tee’s vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.
Id. at 1723-24 (emphasis added). Because Gant issued after the suppression hearing in this case, the parties did not address the limitations imposed by Gant and the circuit court did not make any factual findings relevant to Gant. But the record suggests that the subject search did not fall within the limitations of Gant, and the parties have not persuasively argued in their supplemental briefs that the search of Mr. Howard’s vehicle incident to his arrest was permissible under Gant or that another exception to the warrant requirement applied under the facts developed at the suppression hearing. Thus it appears that the search of Mr. Howard’s vehicle incident to his- arrest was illegal under Gant.
We conclude that the good faith exception to the exclusionary rule[2] would *231 apply to this pre-Gant search that was in the pipeline when Gant was decided. The First and Fifth Districts have held that the good faith exception applies to such searches. See State v. Harris, 36 Fla. L. Weekly D133, D134 (Fla. 1st DCA Jan. 19, 2011); Brown v. State, 24 So.3d 671, 680-82 (Fla. 5th DCA 2009). In Harris, the First District observed “that the exclusionary rule is intended to deter police misconduct, not to remedy the prior invasion of a defendant’s constitutional rights.” Id. at D134. And before the Supreme Court’s decision in Gant,
[t]he bright-line rule of [New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)], which approved searches of a vehicle’s passenger compartment after the police had secured the arrestee, had been accepted for 28 years, [and] “was taken literally by federal courts across the country and all of the courts in Florida,” and was “widely taught in police academies.”
Id. (quoting Brown, 24 So.3d at 680-81). Thus, “[t]o apply the exclusionary rule in [such] case[s] cannot possibly deter police because they did exactly what they were trained to do based on what we (judges) told them was appropriate.” Id. (quoting Brown, 24 So.3d at 681).
Here, the search occurred on May 30, 2008, and the circuit court ruled on Mr. Howard’s motion to suppress on January 7, 2009. Mr. Howard filed his notice of appeal on March 3, 2009, and the opinion in Gant issued on April 21, 2009. Thus this case involves a pre-Gant search, and Mr. Howard’s appeal was “in the pipeline” when the Supreme Court decided Gant. We adopt the reasoning in Harris and Brown and conclude that the good faith exception applies to the search incident to arrest in this case, where the officers conducted the search incident to Mr. Howard’s valid arrest for DWLSR in accordance with the then-existing precedent.[3]
In addition, based upon our review of the record, the applicable case law, and the parties’ supplemental briefs, we conclude that the search of the vehicle that Mr, Howard was driving fell within the scope of the subject warrant and that the search was not illegal. The warrant stated in pertinent part as follows:
This warrant shall include the house and all sheds and/or out building affixed or unaffixed to the main structure of the residence on the said premises. The warrant shall also include all vehicles on the premises and curtilage of 3002 North Sanchez Street, Hillsborough County, Tampa[,] Florida, under 'the control of the occupants and/or persons present in the residence during the execution of the search warrant.
(Emphasis added.) The circuit court’s finding that Mr. Howard’s vehicle was on the premises when the warrant was executed is supported by competent, substantial evidence in the record. In addition, the record supports the conclusion that the law enforcement officers reasonably believed that Mr. Howard was an occupant of the premises at the, .time of the search. Thus the search of Mr. Howard’s vehicle was authorized by the warrant. See Lowe *232 v. State, 751 So.2d 177, 178-79 (Fla. 2d DCA 2000) (holding that a warrant authorizing the search of “any and all ... vehicles” on the premises permitted police to search the vehicle that the defendant drove onto the premises during execution of the warrant, and quoting State v. Freeman, 673 So.2d 139, 141 (Fla. 5th DCA 1996), for the proposition that no “nexus between any vehicle found on the property and the alleged illegal activity” was required when the search was authorized by the warrant); State v. Booream, 560 So.2d 1303, 1304 (Fla. 2d DCA 1990) (holding same).
Because the good faith exception to the exclusionary rule applies to the search of the vehicle incident to Mr. Howard’s arrest and because the search fell within the scope of the warrant, the circuit court did not err in denying Mr. Howard’s motion to suppress. Accordingly, we affirm Mr. Howard’s judgment and sentences.
Affirmed.
WHATLEY and LaROSE, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Because the purpose of the exclusionary rule is to deter police misconduct, "[i]t is a rule of last resort, only to be applied when it 'resultfs] in appreciable deterrence' and the benefits of deterrence outweigh the societal costs of suppressing evidence, thereby frustrating the truth-seeking process.” Brown v. State, 24 So.3d 671, 680 (Fla. 5th DCA 2009) (quoting United States v. Leon, 468 U.S. 897, 909-10, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). Thus, the exclusionary rule applies *231 when police misconduct is “deliberate, reckless, or grossly negligent ... or in some circumstances recurring or systemic negligence,” but not when police have acted in good faith. Id. (alteration in original) (quoting Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 702, 172 L.Ed.2d 496 (2009)).

. For an exhaustive list of state and federal cases applying the good faith exception to the exclusionary rule to pre-Gant vehicle searches incident to a defendant's arrest and of those rejecting application of the good faith exception to such cases, see Harris, 36 Fla. L. Weekly at D134 nn. 1-2.