RAIDEN, MICHAEL E., Associate Judge,
Concurring.
I endorse Judge Black’s opinion without reservations. The statute’s failure to observe content neutrality is fatal. Further, while I am not totally convinced that the term “plainly audible,” as employed in subsection (a) of the statute, is unconstitutionally vague, I refrain from any further analysis because subsection (b) permits citations, at least “in areas adjoining churches, schools, or hospitals,” for sound that is “louder than necessary for the convenient hearing by persons inside the vehicle.” See § 316.3045(1)(b). I believe this language is subjective enough to run afoul of Easy Way of Lee County, Inc. v. Lee County, 674 So.2d 863 (Fla. 2d DCA 1996), even if subsection (a) standing alone might not be.
My decision to write separately is based on a marked difference between the present version of section 316.3045 and that construed in Davis v. State, 710 So.2d 635 (Fla. 5th DCA 1998). As noted in footnote two of Judge Black’s opinion, now this law can be violated by soundmaking equipment “plainly audible” from a distance of only twenty-five feet — that is, one fourth of the distance covered by the earlier version. See § 316.3045(1)(a). This substantial reduction makes me question whether section 316.3045 should be analyzed as a noise ordinance at all.
We have been made aware of two different courses of action taken by county courts faced with motions to invalidate section 316.3045. In the case at bar, the trial courts were asked to — and the circuit court, on appeal, did — apply Easy Way. However, our attention has also been directed to the unpublished “Order Granting Defendant’s Motion to Suppress” in State v. John O. Middlebrooks, Case No. 2008CT043699AXX (Palm Beach Cty. Ct. August 6, 2009), in which the trial court took testimony from an expert in audiology and “psychoacoustics.” I recognize that the decisions before us did not involve the taking of evidence and that we are not in a position to rule on the correctness of Mid-dlebrooks. Nevertheless, I find that decision worth mentioning because of the Palm Beach County Court’s concern that section 316.3045, as amended, now penalizes conduct that may not constitute a nuisance.
The county court in Middlebrooks was actually called upon to make two separate, if related, findings. It is clear from the opinion that the audiologist’s testimony was given great weight by the trial judge with respect to both these questions. First, the court tried the civil infraction on its merits. The officer had testified that he heard music emanating from Middle-brooks’s car from a distance of “well over 100 feet away,” whereas a passenger stated the music had been playing at a level low enough to permit normal conversation within the passenger compartment. The judge did not find the officer’s testimony sufficiently credible to convict. However, because the officer apparently discovered evidence of an unrelated crime or crimes post-stop, the county court also had to determine whether the stop was legally supportable. (The decision to stop and ticket a motorist requires only probable cause, not proof beyond reasonable doubt.) The county court resolved the motion to suppress by declaring section 316.3045 unconstitutional because, as amended, it had “ceased to operate with a legitimate governmental interest and now allows arbi *1148 trary and discriminatory enforcement.” It appears the audiologist also convinced the trial judge that sounds audible from twenty-five feet are, basically, not loud enough to justify police intervention.
The version of section 316.3045 passed upon in Davis is clearly a noise ordinance. Such enactments are justified by the proven effect of excessive noise upon the public health and safety. At such levels, it does not matter what is being broadcast. (Emphasis added.) The question thus arises why the statute was changed. This is an important question in the event the legislature seeks to revisit section 316.3045 in light of our holding. At oral argument, counsel for the State suggested the legislature may have been concerned that music played over a certain volume level might cause a distraction for the driver, not unlike the use of a cell phone or the playing of video equipment — that is, that the amended statute could be aimed more at the interior of the vehicle than the right of the world at large to remain free from unhealthful decibel levels. Absent clearer guidance, however, I am unwilling to speculate. Apart from the change in distance, the statute is the same one construed on free-speech grounds by the Davis court.