Dear Mr. Dykes:
On behalf of the City of Fort Walton Beach, you ask the following question:[1]
Does section 166.0495, Florida Statutes, authorize the City of Fort Walton Beach to enter into an interlocal agreement to provide law enforcement services only to adjoining municipalities in the same county or may it enter into an interlocal agreement to provide law enforcement services to any municipality, adjoining or not, located within the same county in which the city is located?
In sum:
Section 166.0495, Florida Statutes, authorizes a municipality to enter into an interlocal agreement for the provision of law enforcement services with only those municipalities which adjoin the municipality and are located within the same county as the municipality.
Section 166.0495, Florida Statutes, provides:
"A municipality may enter into an interlocal agreement pursuant to s. 163.01 with an adjoining municipality or municipalitieswithin the same county to provide law enforcement services within the territorial boundaries of the other adjoining municipality ormunicipalities. Any such agreement shall specify the duration of the agreement and shall comply with s. 112.0515, if applicable. The authority granted a municipality under this section is in addition to and not in limitation of any other authority granted a municipality to enter into agreements for law enforcement services or to conduct law enforcement activities outside the territorial boundaries of the municipality." (e.s.)
Section 166.0495, Florida Statutes, was enacted by Chapter 97-62, Laws of Florida. The title to the act states that it relates to municipal government, "authorizing municipalities to enter into interlocal agreements to provide law enforcement services within the boundaries of adjoining municipalities within the same county[.]" While the title to an act is not dispositive of its effect, it may be considered in determining the intent of the Legislature.[2] The legislative history of Chapter 97-62, Laws of Florida, provides additional insight as to the Legislature's intent in its enactment.[3] The sponsor of the bill, explaining its purpose, stated that the bill would allow municipalities to enter into an interlocal agreement with a neighboring law enforcement entity in an "adjoining community within the same county." Further, she explained that it applied to "adjoining municipalities within the same county only," then continued that the act did not authorize "skipping over . . .[;] it has to be an adjoining community."[4] The language in the statute has not been amended since its enactment.
There is a rule of grammatical construction that a qualifying phrase will modify all items listed in a series unless there is no comma between the last of the series and the qualifying phrase.[5]
In this instance, however, there are two qualifying terms, "adjoining" and "within the same county," which modify the intervening terms "municipality or municipalities" which do not appear to qualify as a "series" of terms. A "series" is "a group of usu. [usually] three or more things or events standing or succeeding in order and having a like relationship to each other."[6] The phrase "municipality or municipalities" appears to be in the nature of a phrase representing selectivity between the singular and plural, rather than a series of choices having a like relationship to each other. Thus, the phrase "adjoining municipality or municipalities within the same county" must be read in a common sense manner to mean that any municipality entering into an interlocal agreement for law enforcement services must meet the criteria of adjoining the municipality providing the law enforcement service and be located within the same county.[7] The Legislature's intent as expressed in the title of the legislation and in the history surrounding enactment of the bill supports this interpretation.
Accordingly, it is my opinion that pursuant to section 166.0495, Florida Statues, the City of Fort Walton Beach is authorized to enter into an interlocal agreement for the provision of law enforcement services only with other municipalities which adjoin the city and are located within the same county.
Sincerely,
Pam Bondi Attorney General PB/tals
[1] You have posed two additional questions: whether the city and the Okaloosa County Airport may enter into an interlocal agreement for the city to provide law enforcement on the county airport property; and whether Florida law requires a city to provide law enforcement services to its citizens or whether it may rely upon county law enforcement only. You have been informed that the governing body of the Okaloosa County Airport must join in the request in order for this office to address your second question and that the sheriff would necessarily have to join in the request to have your third question considered; no communication to that effect has been received by this office.
[2] See Parker v. State, 406 So. 2d 1089 (Fla. 1981) (one indicator of the Legislature's intent is the title of the law enacting the statute); Finn v. Finn, 312 So. 2d 726 (Fla. 1975) (title of act is not part of basic act but has function of defining scope of act); Berger v. Jackson, 23 So. 2d 265 (Fla. 1945) (generally, title of an act may be considered in determining the intent of the Legislature; title of act is to be given due weight);Speights v. State, 414 So. 2d 574 (Fla. 1st DCA 1982) (although not part of statute, title is valuable aid in determining legislative intent); and Op. Att'y Gen. Fla. 57-314 (1957) (where heading is furnished by Legislature, consideration of heading is proper in determining intent of Legislature).
[3] See Reynolds v. State, 842 So. 2d 46, 49 (Fla. 2002) (legislative intent is the polestar that guides statutory construction analysis).
[4] Senate Committee on Community Affairs, March 5, 1997, Sen. Virginia "Ginny" Brown-Waite, CS/SB 378, Tape 1 of 3. Seealso Senate Floor Debate, April 17, 1997, Sen. Virginia "Ginny" Brown-Waite, Tape 4 of 6 ("This bill gives municipalities the choice of contracting either with the sheriff's office or with an adjoining municipality for police services.").
[5] See Mendelsohn v. State of Florida, Department ofHealth, Case No. 1D11-3278, August 31, 2011 (Fla. 1st DCA 2011),citing Kasischke v. State, 991 So. 2d 803, 812-13 (Fla. 2008) (citing 2A Norman J. Singer J.D. Shambie Singer, Statutes and Statutory Construction s. 47.33 [7th ed. 2007]).
[6] Webster's Third New International Dictionary (unabridged, 1981), p. 2073.
[7] Cf. Jarrett v. State, 926 So. 2d 429 (Fla. 2d DCA 2006), in which the jurisdiction of a city police officer employed by the Town of Indian Shores rendering law enforcement services pursuant to an interlocal agreement with the Town of Redington Shores was challenged on technical grounds that the agreement had not been recorded in both jurisdictions; while the proximity of the towns was not at issue, the towns are geographically adjacent. See
http://wms.mapwise.com/fmo2/.