BLACK, Judge.
In this appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B), the State challenges the trial court’s order granting Lapar Donta Conley’s motion to suppress evidence seized during a traffic stop made pursuant to section 316.3045(l)(a), Florida Statutes (2010). Subsequent to the stop in Conley’s case, this court issued its opinion in State v. Catalano, 60 So.3d 1139, 1146 (Fla. 2d DCA 2011), wherein we stated that section 316.3045, Florida Statutes (2007), “is a content-based restriction on free expression which violates the First Amendment.” Conley’s amended motion to suppress was based upon the Catalano opinion, as was the trial court’s order granting the motion.
The facts of this case are not in dispute. On January 20, 2011, Conley was stopped for a violation of section 316.3045(1), which provides, in pertinent part:
It is unlawful for any person operating or occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical soundmaking device or instrument from within the motor vehicle so that the sound is:
(a) Plainly audible at a distance of 25 feet or more from the motor vehicle....
Following the stop, on March 9, 2011, Conley was charged with possession of cocaine, in violation of section 893.13(6)(a), Florida Statutes (2010); evidence tampering, in violation of section 918.13(l)(a), Florida Statutes (2010); possession of marijuana, in violation of section 893.13(6)(a) and (b); and obstruction of a law enforcement officer without violence, in violation of section 843.02, Florida Statutes (2010). Notably, Conley was not charged with a violation of section 316.3045.
On March 16, 2011, Conley filed his initial motion to suppress alleging a lack of founded suspicion for the stop. A hearing on his motion was held on April 25, 2011, and continued to June 27, 2011. On May 12, 2011, one day after the issuance of this court’s opinion in Catalano and after presentation of testimony at the April 25, 2011, hearing, Conley filed an amended motion arguing that the traffic stop was illegal as a result of what he alleged was this court’s ruling that section 316.3045 is unconstitutional.
“[A] trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.” Pagan v. State, 830 So.2d 792, 806 (Fla.2002). “Nevertheless, ‘mixed questions of law and fact that ultimately determine constitutional rights should be reviewed by appellate courts using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue.’ ” Walker v. State, 957 So.2d 560, 573 (Fla.2007) (quoting Taylor v. State, 937 So.2d 590, 598 (Fla.2006)).
The State argues that the evidence seized during the traffic stop should not have been suppressed because the good faith exception to the exclusionary rule applies to the facts of this case. In response, Conley argues, as he did below, that the officer could not have been acting in good faith and that the exclusionary rule should apply because this court previously determined, in Easy Way of Lee County, Inc. v. Lee County, 674 So.2d 863, 867 (Fla. 2d DCA 1996), that the “plainly audi *111 ble” standard of a comparable county noise ordinance was unconstitutionally vague and overbroad. Although we recognize, as we did in Catalano, that the “plainly audible” standard violates the First Amendment, we disagree with Conley’s assertions that the officer in this ease was not acting in good faith. The issue presented in this case is neither the constitutionality of section 316.3045, see Davis v. State, 710 So.2d 635 (Fla. 5th DCA 1998), nor the trial court’s provision of procedural due process or application of the essential requirements of law, see Catalano, 60 So.3d at 1143, but rather the narrow issue of the application of the exclusionary rule to an officer’s conduct.
“The primary purpose of the exclusionary rule is to deter unlawful police action.” Jarrett v. State, 926 So.2d 429, 431 (Fla. 2d DCA 2006); see Montgomery v. State, 69 So.3d 1023, 1033 (Fla. 5th DCA 2011). “It is intended to deter police misconduct, not to remedy prior invasion of a defendant’s constitutional rights.” Montgomery, 69 So.3d at 1033. Under the rule, “evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment.” Pilieci v. State, 991 So.2d 883, 896 n. 10 (Fla. 2d DCA 2008) (quoting United States v. Leon, 468 U.S. 897, 919, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). Thus, “the exclusionary rule applies when police misconduct is ‘deliberate, reckless, or grossly negligent ... or in some circumstances recurring or systemic negligence,’ but not when police have acted in good faith.” Howard v. State, 59 So.3d 229, 231 n. 2 (Fla. 2d DCA 2011) (quoting Brown v. State, 24 So.3d 671, 680 (Fla. 5th DCA 2009)). The “good faith inquiry is confined to the objectively ascertainable question [of] whether a reasonably well trained officer would have known that the [stop] was illegal.... In making this determination, all of the circumstances ... may be considered.” Leon, 468 U.S. at 923 n. 23,104 S.Ct. 3405. “The objective standard ... requires officers to have a reasonable knowledge of what the law prohibits.” Id. at 919 n. 20. As a result, the exclusionary rule “has been held not to apply to evidence obtained by police who acted in objectively reasonable reliance upon a statute which was subsequently determined to be unconstitutional. In such circumstances, there is no police misconduct to deter.” Jarrett, 926 So.2d at 431 (citations omitted); see also Montgomery, 69 So.3d at 1033.
The Fifth District has considered the issues of whether our Catalano opinion can provide the basis to suppress evidence seized prior to the ruling and whether an officer’s good faith reliance on section 316.3045 is an exception to the exclusionary rule. Montgomery, 69 So.3d at 1033. As the Fifth District did in Montgomery, and as we are required to do pursuant to Illinois v. Krull, 480 U.S. 340, 353, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), and Leon, we apply the objectively reasonable standard to the facts of this case. We conclude that at the time of Conley’s stop a reasonable officer would not have known that the noise ordinance statute was unconstitutional because the Catalano opinion did not issue until after the stop in question in this case. See Thomas v. State, 614 So.2d 468, 471 (Fla.1993) (holding that evidence obtained in reliance on an ordinance should not be suppressed where the ordinance is subsequently declared unconstitutional); State v. Calloway, 589 So.2d 326, 328 (Fla. 5th DCA 1991) (“The fact that an ordinance is subsequently determined to be unconstitutional does not undermine the lawfulness of an arrest which was made in good faith reliance on the ordinance.”).
*112 In Conley’s case, the officer acted in an objectively reasonable manner based on existing precedent and the accepted status of the law from which his authority extended. See Howard, 59 So.3d at 281; Brown, 24 So.Bd at 680; see also Davis, 710 So.2d at 636. “To apply the exclusionary rule in this case cannot possibly deter police because they did exactly what they were trained to do based on what we (judges) told them was appropriate.” Brovm, 24 So.3d at 681; accord Howard, 59 So.3d at 231; see also Krull, 480 U.S. 340,107 S.Ct. 1160 (holding that the good faith exception applied where police reasonably relied upon a statute authorizing warrantless administrative searches, but the statute was subsequently found to violate the Fourth Amendment); Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) (holding that good faith reliance on a city ordinance was valid despite subsequent ruling that it was unconstitutional).
Accordingly, we reverse the order granting Conley’s motion to suppress and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.