PER CURIAM.
The state appeals the county court’s order granting Orlando Lockett’s motion to suppress evidence obtained when his vehicle was stopped for a violation of section 316.3045(l)(a), Florida Statutes (2008).[1] Because the trial judge granted the motion based upon a ruling that the statute was unconstitutional, this court has jurisdiction of this appeal pursuant to section 26.012(1), Florida Statutes (2012).
Lockett was stopped on March 20, 2008, when a police officer heard music playing from Lockett’s car from about seventy-five feet away. Lockett was charged with driving while his license was suspended and for playing loud music which was audible from more than twenty-five feet away in violation of section 316.3045. The charge under section 316.3045 was subsequently dismissed and the suspended license charge was transferred to county court for jury trial.
*1276 Almost three years after Lockett was stopped, the Second District decided in State v. Catalano, 60 So.3d 1139, 1146 (Fla. 2d DCA 2011), that section 316.3045 “is a content-based restriction on free expression which violates the First Amendment” because its provisions do not apply to motor vehicles used for business or political purposes. The Catalano court also approved the decision of the lower court that the statute’s “plainly audible” standard was unconstitutionally vague and over-broad. Id. at 1142-44. After the decision in Catalano, Lockett filed his motion to suppress alleging the officer did not have a reasonable suspicion for the stop. At the hearing, after testimony was presented, he also argued the unconstitutionality of the noise statute. The state responded by citing Montgomery v. State, 69 So.3d 1023 (Fla. 5th DCA 2011), in which the district court held that the stop was made in good faith reliance on the statute which was subsequently declared unconstitutional. Id. at 1033. The trial court granted the motion.
As in Montgomery and State v. Conley, 98 So.3d 108 (Fla. 2d DCA 2012), we conclude that when Lockett was stopped in 2008, almost three years before the decision in Catalano, a reasonable police officer would not have known that the noise statute was unconstitutional, and that the officer acted in an objectively reasonable manner.
Therefore, we reverse the order granting Lockett’s motion to suppress and remand for further proceedings.

Reversed and remanded.

TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.

. Section 316.3045(1), Florida Statutes (2008), provides, in pertinent part:
It is unlawful for any person operating or occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical soundmaking device or instrument from within the motor vehicle so that the sound is:
(a) Plainly audible at a distance of 25 feet or more from the motor vehicle[.]